OPINION
{¶ 1} Defendant-appellant, David Christy (hereinafter, "appellant"), appeals from the judgment of the Wyandot County Court of Common Pleas ordering appellant to pay restitution.
 {¶ 2} On August 10, 2003, appellant was operating a 1932 Ford Roadster motor vehicle, which was owned by and registered to appellant. Appellant lost control of the vehicle, drove off the side of the road, and crashed into a telephone pole. Tragically, Danny Garza, a passenger in appellant's vehicle, was killed on impact. Prior to the date of the accident, appellant had been convicted of multiple "driving under the influence" offenses and was driving with a suspended driver's license on the date in question.
 {¶ 3} Appellant was subsequently indicted, and he pleaded no contest to one count of Aggravated Vehicular Homicide, in violation of R.C. 2903.06 (A)(2) (version S.B. 107, effective 3-23-00), a felony of the second degree. By way of judgment entry, journalized February 27, 2004, appellant was sentenced to a term of eight years in prison and his operator's license was suspended for life. In addition, and pertinent to this appeal, the trial court ordered appellant to pay restitution to the family of the victim, to the Wyandot County Sheriff's Office, and to "Johnson's Towing." It is from this judgment which appellant now appeals and sets forth one assignment of error for our review.
 {¶ 4} Because appellant failed to object to the trial court's order of restitution at the sentencing hearing, we are limited to reviewing the trial court's order of restitution using a plain error analysis. See, State v. Johnson, 4th Dist. No. 03CA11, 2004-Ohio-2236, at ¶ 8; State v. Johnson, 3d Dist. No. 2-98-39, 1999-Ohio-825.
 {¶ 5} Crim.R. 52(B) provides that plain error or defects in the proceedings that affect a substantial right may be noticed even though the defendant failed to bring the error to the attention of the court. Plain error, however, only exists where it can be said that the result of the proceeding would have been different except for the error. See State v. Johnson, 3d Dist. No. 2-98-39, 1999-Ohio-825.
 ASSIGNMENT OF ERROR NO. I The trial court erred when it ordered the defendant to payrestitution for the victim's funeral expenses; towing costs; andmonies to the Wyandot County Sheriff's Office.
 {¶ 6} The trial court, at the conclusion of appellant's sentencing hearing and through its February 27, 2004 judgment and sentencing entry, ordered appellant to:
 * * * make restitution in the sum of $19,334.72, for thevictim's funeral expenses, to Bringman Clark and Company, UpperSandusky, Ohio, or to the appropriate family member as theirinterest may appear; and $354.00, for towing and storage of theDefendant's vehicle, Johnson's Towing, Nevada, Ohio; and $640.00to the Wyandot County Sheriff's Office; and Defendant shall payany other fees permitted, pursuant to Section 2929.18(A)(4) ofthe Revised Code of Ohio, including Court costs herein, and shallreimburse Wyandot County for Courtappointed attorneys fees, ifany, for current or future filings.
In this assignment of error, appellant maintains that the trial court made multiple errors in its order of restitution.
 {¶ 7} Appellant first asserts that "funeral expenses" cannot be lawfully awarded as part of an order of restitution. Appellant, therefore, claims that the trial court erred in ordering him to pay for the victim's funeral expenses. For the reason that follows, we find that appellant's assignment of error in this regard is without merit.[1]
 {¶ 8} When imposing a sentence upon a felony offender, R.C.2929.18(A) permits the sentencing court to sentence the offender "to any financial sanction or combination of financial sanctions" authorized by law. Among the sanctions authorized by R.C.2929.18(A) is "restitution." Specifically, R.C. 2929.18(A)(1) permits a trial court to order an offender to pay restitution to the victim of the offender's crime "in an amount based on the victim's economic loss." Emphasis added. "Economic loss" is defined by R.C. 2929.01(M) (version H.B. 327, effective 7-8-02) as: any economic detriment suffered by a victim as a result ofthe commission of a felony and includes any loss of income due tolost time at work because of any injury caused to the victim, andany property loss, medical cost, or funeral expense incurredas a result of the commission of the felony. (Emphasis supplied).
 {¶ 9} Because the relevant statute permits court ordered restitution based upon the victim's "economic loss," and "economic loss" expressly includes a victim's "funeral expenses," we hold that the trial court did not error in ordering appellant to pay the victim's funeral expenses. Our inquiry does not end here however.
 {¶ 10} Appellant further asserts that even if funeral expenses may lawfully be included as restitution, the trial court nevertheless erred because the specific amount of $19,334.72 awarded for the victim's funeral expenses was unsubstantiated by the record. For the reasons that follow, we are constrained to conclude that appellant is correct on this point.
 {¶ 11} Although, R.C. 2929.18(A)(1) provides, in part, that the trial court, at sentencing, shall determine the amount of restitution to be made by the offender, due process requires that the amount of restitution ordered "bear a reasonable relationship to the loss suffered" by the victim or, in this case, the victim's family. State v. Johnson, 3d Dist. No. 2-98-39, 1999-Ohio-825, citation omitted. Accordingly, to ensure a lawful award, there must be competent, credible evidence in the record to support the trial court's order of restitution "to a reasonable degree of certainty." See State v. Aliane, 10th Dist. No. 03AP-840, 2004-Ohio-3730, at ¶ 14, citations omitted. For example, the amount of restitution requested should, if necessary, be substantiated through documentary or testimonial evidence. See State v. Johnson, 3d Dist. No. 2-98-39, 1999-Ohio-825, citing State v. Marbury (1995),104 Ohio App.3d 179.
 {¶ 12} In the case sub judice, during the appellant's sentencing hearing, the Victim Advocate for Danny Garza's family stated as follows:
[y]our Honor, in regards to restitution, the cost ofvisitation, funeral expenses and cemetery monument totaled$19,334.72 and is owed to Bringman-Clark and Company; $354.00payable to Johnson's Auto Body and Towing for removal of theautomobile from the scene; and, uhm, towing back to a storagefacility, uhm, paid by the Wyandot County, uh, Sheriffs'Department. That storage facility has cost the Sheriffs'Department, to date, $640.00.
 {¶ 13} This statement made by the Victim Advocate appears to be the only basis the trial court had for determining the amount of restitution to be ordered. There was no further evidence presented at the sentencing hearing to support or verify the amount of funeral expenses actually incurred by the victim's family. The trial court states in its judgment entry that it reviewed "numerous" victim impact statements in making its determination. However, no victim impact statements, which may or may not provide a more detailed account of the victim's funeral expenses, appear in the record before this court. Consequently, the record is devoid of any evidence to substantiate that the $19,334.72 awarded by the trial court was reasonably related to the funeral costs actually incurred by the victim's family. Without being substantiated, statements made by a victim advocate, alone, are not sufficient to support a finding that the expenses are reasonable.[2]
 {¶ 14} Accordingly, we conclude that the trial court committed error when it ordered appellant to pay the amount of $19,334.72 for the victim's funeral expense without sufficient, competent evidence in the record to substantiate that specific amount. Because the family is entitled to restitution in the amount of the actual, reasonable funeral expenses incurred for the death of their son, we vacate and remand the matter only for the trial court's proper determination of the amount of those expenses.
 {¶ 15} Appellant also asserts that the trial court additionally erred in ordering him to pay, as part of the restitution order, $354.00 to Johnson's Towing and $640.00 to the Wyandot Sheriffs' Office for expenses associated with towing and storing appellant's vehicle after the accident. For the reasons that follow, we conclude that plain error also exists in this instance.
 {¶ 16} R.C. 2929.18(A)(1) specifically provides, in pertinent part, that the sentencing court may order an offender to pay restitution "to the victim of the offender's crime or anysurvivor of the victim, * * * [and] may include a requirement that reimbursement be made to third parties for amounts paidto or on behalf of the victim or any survivor of the victim for economic loss resulting from the offense." It is, therefore, evident from the plain language of R.C. 2929.18(A)(1) that the Ohio General Assembly intended that restitution only be available to the actual crime victims. State v. Samuels, 4th Dist No. 03CA8, 2003-Ohio-6106, at ¶ 5. "A `victim' is generally defined as the person who was `the object' of the crime — e.g. the victim of the robbery is the person who was robbed." Id., citing Black's Law Dictionary (5th Ed. 1979) 1405.
 {¶ 17} Accordingly, because Johnson's Towing and the Wyandot Sheriffs' Office cannot be considered to be the "victims" of appellant's crime, and because the expenses incurred were not "paid to or on behalf of the victim," but, rather, were expenses incurred for the handling of the offender-appellant's property, we find that the trial court committed plain error in ordering appellant to pay "restitution" in this manner. See R.C.2929.18(A)(1); and Samuels, 2003-Ohio-6106, at ¶ 10.
 {¶ 18} While appellant may be civilly liable for the repayment of the money owed to Johnson's Towing and the Wyandot Sheriffs' Office, these civil debts cannot lawfully be ordered to be paid as "restitution" under R.C. 2929.18(A)(1). We, therefore, modify the judgment of the trial court by vacating that portion requiring appellant to pay Johnson's Towing and the Wyandot County Sheriff's Department as restitution.
 {¶ 19} In response to appellant's arguments, however, the state asserts that even if the towing and storage expenses cannot be ordered paid by appellant as "restitution" ((R.C.2929.18(A)(1)), the trial court's order requiring the appellant to pay the towing and storage expenses should, nevertheless, be sustained because said expenses, pursuant to 2929.18(A)(4) and R.C. 2947.23, respectively, are lawfully within the ambit of "financial sanctions" that a trial court may require an offender to pay as "costs of reimbursement" and/or as "costs of prosecution." For the reasons that follow, we are not persuaded by the state's arguments.
 {¶ 20} R.C. 2929.18(A)(4) merely provides that a trial court may order a criminal defendant to reimburse the government for costs it may incur in implementing sanctions upon the offender, e.g., the costs of implementing community control sanctions or the costs associated with confining or incarcerating an offender. See R.C. 2929.18(A)(4)(i) and (ii). Because the costs associated with towing and storing appellant's vehicle were not incident to a sanction imposed upon appellant, R.C. 2929.18(A)(4) is inapplicable to the circumstances of the issue herein.
 {¶ 21} Lastly, the state asserts that because the towing and storage expenses were necessary to preserve the appellant's vehicle for use as evidence, the trial court properly assessed these expenses to appellant as "costs of prosecution," pursuant to R.C. 2947.23 (as incorporated by R.C. 2929.18(A)).
 {¶ 22} R.C. 2947.23 (version H.B. 271, effective 3-24-03) provides that a sentencing court, in all criminal cases, "shall
include in the sentence the costs of prosecution and render a judgment against the defendant for such costs" (emphasis supplied). Although the statute does not define the term "costs of prosecution," we conclude after review that the term means "court costs" in a criminal case. The expenses which may be taxed as costs in a criminal case are those directly related to the court proceedings and are identified by a specific statutory authorization. For example, as expressly provided for by the Ohio Revised Code, a sentencing court may order a criminal defendant to pay the following costs and expenses associated with criminal proceedings:
fees of officers and court personnel [R.C. 2303.28], includingclerks of court [R.C. 2303.20]; jury fees [R.C. 2947.23]; witnessfees [R.C. 2335.05]; interpreters fees [R.C. 2335.09]; and feesof psychologists and psychiatrists [R.C. 2947.06]; etc.
In the case herein, no statutory provision has been identified by the state as authorizing the towing and storage of the defendant's vehicle to be assessed as costs in this proceeding.[3] Consequently, we find that the trial court is without authority to assess such expenses under the category of "costs of prosecution," however desirable it might be to do so. Accordingly, the costs incurred by Johnson's Towing and the Wyandot Sheriffs' Office may not be ordered to be paid by appellant as "costs of prosecution."
 {¶ 23} Based on our foregoing analysis, appellant's single assignment of error is sustained. Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court as to the order of restitution, and affirm the judgment in all other respects. The matter is remanded for further proceedings consistent with this opinion.
Judgment Reversed and Cause Remanded.
 Bryant, J., and Rogers, J., concur.
[1] The trial court's authority is governed by the version of the Ohio Revised Code that was in effect at the time when the crime was committed. State v. Bonanno, 3d Dist. No. 1-02-21, 2002-Ohio-4005. at ¶ 10. Accordingly, because the accident which led to appellant's conviction for aggravated vehicular homicide occurred on August 10, 2003, R.C. 2929.18, version H.B. 170, effective 9-6-02, is controlling. Therefore, the arguments in appellant's brief to this court incorporating former R.C. 2929.11
(version S.B. No. 258, effective 11-20-90), which was re-written by R.C. 2929.18 (version S.B. 2, effective 7-1-96), are not applicable to resolution of the appeal herein.
[2] See, by way of analogy, State v. Barnes, 3d Dist. No. 5-01-40, 2002-Ohio-1025, ("[T]he sole basis for granting restitution was the statements made by [the victim] in the victim impact statement. There was no evidence presented at the sentencing hearing to support those statements. Thus, the record is silent as to the reasonableness or necessity of these expenses."); see also State v. Johnson, 3d Dist. No. 2-98-39, 1999-Ohio-825, ("Although the Victim Impact Statement references these expenses, the restitution award was not verified * * * through any evidence or testimony. Therefore, * * * the trial court committed plain error by ordering Appellant to pay an amount of restitution in the absence of evidence tending to prove that the award is reasonably related to the victim's loss.").
[3] Compare to R.C. 2913.82 which provides, in pertinent part, that "[i]f a person is convicted of a theft offense that involves a motor vehicle, * * * and if a local authority, * * * the owner of the vehicle, or a person, acting on behalf of the owner, was required to pay any towing or storage fees prior to recovering possession of the motor vehicle * * * the court * * * as a part of its sentence, shall require the offender to repay the fees to the local authority, the owner, or the person who paid the fees on behalf of the owner." For example, See State v. Wolfe,
(September 20, 2000), 5th Dist. No. 00 CA 7.