OPINION
{¶ 1} Defendant-appellant, David Lee Meyers, appeals his conviction in the Hamilton Municipal Court for criminal damaging.
 {¶ 2} Appellant's conviction was based on an incident in which the victim, Sharon Crabtree, reported to police that her car windows and a house window were broken by appellant. During a bench trial, Crabtree and appellant each presented different versions of the incident. Crabtree testified that she was driving her vehicle down Heaton Street in Hamilton with a friend, Mr. Ramirez, in the passenger seat. According to Crabtree, Ramirez asked Crabtree to stop the vehicle so that he could speak with appellant. Crabtree testified that the two men got into an argument, so she drove off. She stated that as she drove away, appellant punched out the back passenger window of her car.
 {¶ 3} Crabtree testified that she drove half of a block down the street to her house and went inside to call the police. While she was inside making the call from her living room, she heard a brick break through her bedroom window. She looked outside and saw appellant and another man "stomping" on her car hood and kicking the window.
 {¶ 4} In appellant's version of the events, he claimed that he punched the rear window out because he was being dragged, and that he did not break the other car windows or the house window. Appellant testified that he is a drug dealer and was stopped by Crabtree and Ramirez on Heaton Street so that Ramirez could purchase crack cocaine from him. He stated that Ramirez was discussing a purchase, but the two began to argue because Ramirez kept "babbling and babbling" but "he didn't show me no money so I wasn't going to get no crack and show it to him * * *." According to appellant "a guy in the backseat" grabbed appellant's 300 grams of gold chains that he wears around his neck, in an attempt to rob appellant of his gold and drugs. Appellant testified that the men told Crabtree to take off and he was dragged down the street, so he punched the rear passenger window out to get away. Appellant claimed that his hand was "gushing blood from the palm down" so he ran to his house and was not involved in anything else that happened to Crabtree's car or house window.
 {¶ 5} When questioned about who threw the brick through Crabtree's window and damaged her car, appellant explained that "everybody in the neighborhood[,] the younger generation looks up to me around the neighborhood and when it first happened[,] they was like, `well look — well look what my homey. They done fucked my homey up.' And it wasn't just one, it was every little individual kid in that neighborhood that bombarded the house because he (Ramirez) robbed so many people in that neighborhood that they took care upon theirself I mean."
 {¶ 6} The trial court found appellant guilty of criminal damaging and sentenced him to 90 days in jail and ordered $945.22 in restitution to the victim. Appellant now appeals his conviction and sentence. He raises the following three assignments of error for our review:
 {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT IN FINDING HIM GUILTY OF THE OFFENSE OF CRIMINAL DAMAGING AS A VERDICT OF GUILT IS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY ORDERING HIM TO PAY RESTITUTION WHEN THERE WAS NO EVIDENCE PRESENTED TO THE COURT TO ESTABLISH THE AMOUNT OF RESTITUTION."
 {¶ 9} "THE DEFENDANT/APPELLANT WAS PREJUDICED AND DENIED DUE PROCESS OF LAW IN THAT HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 16 OF THE OHIO CONSTITUTION."
 {¶ 10} In his first assignment of error, appellant contends that his conviction for criminal damaging was against the manifest weight of the evidence. An appellate court will not reverse a judgment as against the manifest weight of the evidence in a bench trial where the trial court could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. State v. Eskridge (1988),38 Ohio St.3d 56, 59. The standard for reversal for manifest weight of the evidence has been summarized as follows:
 {¶ 11} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 12} Appellant does not dispute that the state presented evidence on each of the elements of criminal damaging. Instead, he argues that his conviction was against the manifest weight of the evidence because he proved the affirmative defense of self-defense. Appellant's argument regarding self-defense requires the trial court to give credence to his version of the events. However, it is well-established that the weight to be given the evidence and the credibility of witnesses are primarily for the trier of fact to decide. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The fact-finder is free to believe some, all, or none of the testimony of any witnesses. State v. Harriston
(1989), 63 Ohio App.3d 58, 63. The trial judge, as trier of fact, is in the best position to weigh evidence and assess witness credibility.Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80. This court, therefore, cannot, and will not, substitute our judgment for that of the trier of fact. Id.
 {¶ 13} We find no error in the trial court's decision to find appellant guilty of criminal damaging and in so doing, to reject appellant's testimony that he broke the car window in self-defense and that the other windows were broken by neighborhood children coming to the defense of their friend. Appellant's first assignment of error is overruled.
 {¶ 14} In his second assignment of error, appellant argues that the trial court erred in ordering him to pay $945.22 in restitution to the victim because there was no evidence admitted to establish the cost of repair of the windows. Crabtree testified that she obtained estimates for the cost to repair the damage to both her vehicle and the window in her house. Reading from the estimates themselves, she stated that the estimate for the car was $945.22 and the house window was $83.88. Appellant argues that Crabtree's testimony is insufficient to establish the amount of the damage because the written estimates themselves were not entered into evidence.
 {¶ 15} However, the Ohio Revised Code provides that in misdemeanor cases, "* * * [t]he court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing the property, and other information." R.C. 2929.28(A)(1). Given the Revised Code's broad standard for determining the amount of restitution to order, we find Crabtree's testimony regarding the amount of the estimates to repair her property was more than sufficient to establish an amount of restitution. Appellant's second assignment of error is overruled.
 {¶ 16} In his third assignment of error, appellant argues that his trial counsel was ineffective.
 {¶ 17} To establish a claim of ineffective assistance of counsel, a defendant must first demonstrate that trial counsel's performance was deficient, namely, that counsel's representation fell below the objective standard of reasonable competence under the circumstances. Second, the defendant must show that, as a result of this deficiency, he was prejudiced at trial. Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052. A strong presumption exists that a licensed attorney is competent and that challenged actions fall within "the wide range of reasonable professional assistance." State v. Bradley (1989),42 Ohio St.3d 136, 142, quoting Strickland at 689.
 {¶ 18} Appellant contends that his trial counsel was ineffective for failing to pursue and develop the affirmative defense of self-defense and to object or challenge the restitution order. As discussed above, appellant testified that he punched the rear passenger window in because he was being dragged. Appellant fails to explain on appeal how counsel failed in fully developing this affirmative defense, other than a failure to specifically articulate that he was arguing self-defense. Thus, we find no error in this regard. Likewise, as we have found no error in the restitution order, trial counsel could not be found ineffective in failing to object or challenge this order.
 {¶ 19} Finally, appellant also argues that trial counsel "did not challenge the testimony regarding the subsequent damage to Crabtree's vehicle, even though appellant testified that his hand was gushing blood and he went home to get that taken care of." However, appellant fails to explain specifically how counsel was deficient in this area, or how prejudice resulted. Accordingly, we find no merit to appellant's argument that counsel was deficient in this regard. Appellant's third assignment of error is overruled.
 {¶ 20} Judgment affirmed.
Powell, P.J., and Young, J., concur.