The STATE of Ohio, Appellee,

v.

PORTENTOSO, Appellant.

[Cite as *State v. Portentoso,* 173 Ohio App.3d 297, 2007-Ohio-5490.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13–07–05.

Decided Oct. 15, 2007.

John W. Allen, Special Prosecuting Attorney, for appellee.

Lucinda J. Weller, for appellant.

SHAW, Judge.

{¶ 1} Defendant-appellant, Nicholas D. Portentoso, appeals from the January 8, 2007 judgment of the Court of Common Pleas of Seneca County, Ohio ordering the payment of restitution in the amount of $10,447.10.

{¶ 2} On March 9, 2005, Portentoso was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree; two counts of disrupting public services in violation of R.C. 2909.04(A)(1), felonies of the fourth degree; one count of menacing by stalking in violation of R.C. 2903.211, a felony of the fourth degree; one count of possession of cocaine in violation of R.C. 2925.11(A), a felony of the fifth degree; and one count of intimidation in violation of R.C. 2921.03, a felony of the third degree.

{¶ 3} Portentoso was arraigned on March 31, 2005, and pleaded not guilty to the charges contained in the indictment. On November 1, 2005, Portentoso changed his plea to guilty with respect to count one, which was reduced to the lesser included offense of attempted aggravated assault in violation of R.C. 2923.02 and 2903.12(A)(1), a felony of the fifth degree. Additionally, Portentoso changed his plea to guilty with respect to count four, menacing by stalking in violation of R.C. 2902.211. Counts two, three, five, and six were dismissed by the court. The victim of both the attempted aggravated assault and menacing by stalking charges was Portentoso's wife, Kathleen Portentoso, n.k.a. Kathleen Berger.

{¶ 4} On January 31, 2006, Portentoso was sentenced to 120 days in the Senenca County Jail, 100 days in the Seneca County Jail to be scheduled by the Adult Parole Authority, and five years of community control.

{¶ 5} A restitution hearing commenced on March 6, 2006, and was continued on June 30, 2006. On January 8, 2007, a judgment entry ordering Portentoso to pay restitution in the amount of $10,447.10 to Berger was issued by the trial court. The trial court made the following findings:

(1) The Court grants part of the rent request for Kathleen Berger. The rent was a necessary expense necessitated by defendant's actions. Kathleen Berger was extremely credible as to her reasons for leaving the State of Ohio. However, since Kathleen Berger was remarried at the time, only one-half of the requested amount will be awarded or $3,000.00.

(2) The request for reimbursement of the cost for a trailer (6' × 12') and a hitch is not allowed. Such request is excessive.

(3) Kathleen Berger is entitled to mileage for moving to Michigan. The Court finds that six (6) trips is excessive. However, three (3) trips is reasonable. Kathleen shall be entitled to $720.00 (2,400 × .30).

(4) The storage unit expense for three (3) months is reasonable. Kathleen Berger shall be allowed in the amount of $210.00 (3 months × $70.00).

(5) As a result of the defendant's actions, Kathleen Berger was justifiably concerned about her safety. She moved to Michigan and lost pay from Mercy Hospital of Tiffin. The one hundred twenty (120) hours of lost pay at $21.83 per hour justifies reimbursement of $2,619.60 to Kathleen Berger. The transfer of her license is appropriate ($60.00).

(6) This Court does not generally grant as part of a restitution order attorney fees to victims of crime. This case is an exception to that general rule. The defendant's actions required legal consultation and advice on behalf of the victim. However, attorney fees awarded must be directly related to the criminal actions by the defendant and be directly related to the safety of the victim. Further, such expenses must be reasonable, necessary and not exceed the economic loss suffered by the victim as a direct and proximate result of the commission of the offenses. After careful review of all submitted exhibits and the testimony of Attorney Randall Bendure, the Court finds the following fees are appropriate.

\* \* \*

30.7 hours at $125.00 = $3,837.50

Portentoso now appeals asserting a single assignment of error.

## ASSIGNMENT OF ERROR

■ The trial court erred in granting the amount of $10,447.10 as restitution to the victim as it was not based upon the victim's economic loss and there was no evidence that the economic detriment of the victim was the direct and proximate result of the commission of the underlying offense of the defendant-appellant.

{¶ 6} R.C. 2929.18 [1] provides:

(A) Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section or, in the circumstances specified in section 2929.25 of the Revised Code, may impose upon the offender a fine in accordance with that section.

---

1. Portentoso's convictions were based on incidents occurring in February and April 2003. The trial court's authority is governed by the version of the Ohio Revised Code that was in effect at the time when the crime was committed. *State v. Christy*, 3rd Dist. No. 16–04–04, 2004-Ohio-6963, 2004 WL 2940888. Accordingly, the statutes cited are the versions in effect at the time the crimes were committed.

Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. The court shall order that the restitution be made to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court, except that it may include a requirement that reimbursement be made to third parties for amounts paid to or on behalf of the victim or any survivor of the victim for economic loss resulting from the offense. If reimbursement to third parties is required, the reimbursement shall be made to any governmental agency to repay any amounts paid by the agency to or on behalf of the victim or any survivor of the victim for economic loss resulting from the offense before any reimbursement is made to any person other than a governmental agency. If no governmental agency incurred expenses for economic loss of the victim or any survivor of the victim resulting from the offense, the reimbursement shall be made to any person other than a governmental agency to repay amounts paid by that person to or on behalf of the victim or any survivor of the victim for economic loss of the victim resulting from the offense. The court shall not require an offender to repay an insurance company for any amounts the company paid on behalf of the offender pursuant to a policy of insurance. At sentencing, the court shall determine the amount of restitution to be made by the offender. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.

Economic loss is defined in R.C. 2929.01(M) as:

any economic detriment suffered by a victim as a result of the commission of a felony and includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, medical cost, or funeral expense incurred as a result of the commission of the felony.

 {¶ 7} This court has previously held that "[a]lthough R.C. 2929.18(A)(1) provides, in part, that the trial court, at sentencing, shall determine the amount of restitution to be made by the offender, due process requires that the amount of restitution ordered 'bear a reasonable relationship to the loss suffered' by the victim." *State v. Christy*, 3rd Dist. No. 16-04-04, 2004-Ohio-6963, 2004 WL 2940888, at ¶ 11, citing *State v. Johnson* (June 30, 1999), 3rd Dist. No. 2-98-39, 1999 WL 455301. Further, to ensure a lawful restitution award, the order must be supported by "competent, credible evidence in the record" to support the order "to a reasonable degree of certainty." *State v. Christy*, supra, at 11. "[T]he amount of restitution requested should, if necessary, be substantiated through documentary or testimonial evidence." Id.; *State v. Johnson.*

{¶ 8} Orders of restitution are reviewed under an abuse-of-discretion standard. "A trial court abuses its discretion in ordering restitution in an amount that was not determined to bear a reasonable relationship to the actual loss suffered." *State v. Lacey*, 5th Dist. No. 2005–CA–119, 2006-Ohio-4290, 2006 WL 2382763, citing *State v. Williams* (1986), 34 Ohio App.3d 33, 516 N.E.2d 1270.

{¶ 9} Other courts have noted that "voluntarily incurred expenses are not compensable as restitution damages." *State v. Beam*, 5th Dist. No. 06CAA030018, 2007-Ohio-386, 2007 WL 258456. Turning first to the request for restitution for rent, moving expenses, and storage units, these expenses were all prompted by a move to Michigan in December 2003. The move occurred after Berger had vacated the marital residence previously shared with Portentoso.

{¶ 10} Although Berger claims that her move was motivated by the criminal actions of Portentoso, his actions did not directly result in her expenses incurred in the move as is required by the statutory definition of "economic loss." Furthermore, it is important to note that Berger would have been paying housing expenses, regardless of the location, after vacating the marital residence once the divorce was finalized.[2] The housing expenses were not a result of the criminal case, but of the divorce. Portentoso's criminal conduct did not require her to move to Michigan, make frequent trips, or utilize storage.

{¶ 11} These expenses were all incurred through Berger's choices, perhaps related to the divorce but unrelated to the criminal action. Therefore, we cannot find that the moving expenses of rent, storage, and repeated trips to Michigan bear a reasonable relationship to any actual loss suffered.

{¶ 12} Turning to Berger's lost wages as a result of her voluntary separation from her employer, these also constitute a voluntarily incurred expense. Had Berger not opted to move outside the state after finalization of the divorce, this expense would not have been incurred, and she could have continued working for her employer in Ohio.

{¶ 13} Additionally, Berger provided no documentary evidence of her claimed amounts of lost wages. No previous pay stubs or documentation from her employer were presented to the trial court to substantiate her claims. This court has previously held that restitution amounts must be supported by "competent, credible evidence in the record." *Christy*, supra. With respect to lost wages, we find no reasonable relationship to any actual loss, because separation from her

---

2. As part of the consent judgment entry of the divorce, Portentoso was given possession of the marital residence, and Berger was required to vacate the marital residence upon finalization of the divorce. However, Berger remained in the marital residence for six to seven months after Portentoso's criminal actions occurred, even though she claimed to be afraid to remain in Ohio.

employment was voluntarily based on her move to Michigan; further, even if we found such a loss, sufficient evidence was not provided to support an award of restitution.

{¶ 14} Finally, the trial court took significant testimony on the attorney fees incurred by Berger. Berger retained her attorney specifically in conjunction with the divorce action.[3] Although the trial court attempted to isolate specific incidents in which attorney fees were attributable to the present case, all of the attorney fees appear to have been incurred in the divorce proceedings. The criminal conduct in the present case was closely linked to the divorce action pending between Portentoso and Berger. Therefore, although some of the requested attorney fees may appear related to the criminal conduct, on these incidents the criminal conduct was being discussed in the context of the pending divorce.

{¶ 15} Although Berger may have felt that independent counsel was necessary during the pending criminal actions against Portentoso, this expense bears no reasonable relationship to any actual loss suffered by Berger. Throughout the criminal proceedings, a state prosecutor handled the case, and Berger also had the additional assistance of a victim advocate. Moreover, Berger's attorney did not enter an appearance in any of the criminal proceedings against Portentoso and appeared only to act as an advocate for Berger throughout the divorce proceedings.

{¶ 16} In conclusion, there is no evidence that the expenses awarded were necessary, as this court required in *State v. Johnson,* supra. It appears from the record that Berger voluntarily accrued the moving expenses and lost wages as a part of her independent decision to move to Michigan. Furthermore, even though Berger may have felt that she needed to be represented during the criminal proceedings against her ex-husband, this also was a voluntary expense. We find that the trial court erred in ordering restitution that does not bear a reasonable relationship to any actual loss suffered by Berger.

{¶ 17} Accordingly, Portentoso's sole assignment of error is sustained, and the January 8, 2007 judgment of the Court of Common Pleas of Seneca County, Ohio ordering the payment of restitution is reversed.

*Judgment reversed*
*and cause remanded.*

ROGERS, P.J., and WILLAMOWSKI, J., concur.

---

3. We note that there was no award of attorney fees in the divorce proceeding.