OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, and the parties' briefs. Appellant, Scott C. Belbachir, appeals the decision of the Belmont County Court, Northern Division ordering him to pay restitution in connection with his conviction for criminal damaging. On appeal, Belbachir does not contest his actual conviction, but rather argues that the trial court's restitution order was not supported by competent, credible evidence. More specifically, he alleges that the restitution award was not related to the victim's economic loss, and that the amount of the award was not determined within a reasonable degree of certainty.
 {¶ 2} Upon review of the record, Belbachir's arguments lack merit. Since he failed to raise these arguments in the trial court he has waived all but plain error. The trial court did not commit plain error in this case, because the victim testified about the costs she incurred to repair her damaged property, and about the wages she lost in connection with Belbachir's crime. Accordingly, the judgment of the trial court is affirmed.
 Facts {¶ 3} On July 16, 2008, Belbachir pleaded guilty to one count of criminal damaging, a second-degree misdemeanor, pursuant to R.C. 2909.06(A)(1) and was sentenced. A restitution hearing was set for July 30, 2008, but Belbachir failed to appear, and the hearing was reset for August 6, 2008.
 {¶ 4} At the restitution hearing, Karen Cooper testified she owned property that was the subject of the criminal damaging case against Belbachir. Specifically, she stated that Belbachir damaged the door to her mobile home. Cooper requested $682.87 in restitution, which included payment for lost wages; labor costs, parts and supplies to fix the door; and $35.00 for clean-up of garbage and other items left in her mobile home while Belbachir was staying there.
 {¶ 5} With respect to the lost wages, Cooper claimed she missed three days of work as a result of Belbachir's offense. She testified that after the incident occurred she stayed up late to fix the door and consequently missed work the next day. She also missed work when she came to court for the July 30 restitution hearing when Belbachir did not appear as well as for the rescheduled hearing. Cooper stated she earns approximately $100.00 per day. Cooper provided the court with receipts for most of the *Page 2 
parts and supplies that she purchased to repair the door. She did not provide any corroborating evidence with regards to the lost wages, labor costs or the clean-up costs.
 {¶ 6} Belbachir did not object to the proposed restitution amount at all during the hearing. He cross-examined Cooper, but did not put forth any evidence of his own.
 {¶ 7} At the close of testimony, the trial court ordered Belbachir to pay $547.87 in restitution. The court reached this number by starting with the proposed restitution amount of $682.87, and subtracting the $35.00 in clean-up costs and $100.00 for one day of lost wages. The court reasoned that the clean-up costs were unrelated to the criminal damaging offense, and that Cooper's time spent at court for the actual restitution hearing was not part of the restitution, but rather part of her obligation to pursue the case. Again, Belbachir did not object to the trial court's order at the hearing. The restitution order announced at the hearing was memorialized by an August 6, 2008 judgment entry.
 Restitution {¶ 8} Belbachir asserts the following sole assignment of error:
 {¶ 9} "The trial court erred in ordering restitution not related to the victim's economic loss and not supported by competent credible evidence and not in an amount determined to a reasonable degree of certainty."
 {¶ 10} This court would normally review a trial court's restitution order under an abuse of discretion standard. State v. Byrd, 7th Dist. No. 04 BE 40, 2005-Ohio-2720 at ¶ 36. However, in the instant case, Belbachir failed to object to the restitution order in the trial court. The failure to object to a trial court's restitution order waives all but plain error. See State v. Johnson, 4th Dist. No. 03CA11,2004-Ohio-2236 at ¶ 8 (citing cases).
 {¶ 11} "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim. R. 52(B). This rule places three limitations on this court's ability to recognize plain error: (1) there must be a deviation from a legal rule; (2) the error must be an obvious defect in the trial proceedings; and, (3) the error must have affected the outcome of the trial. State v. Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68,759 N.E.2d 1240. Even if an error is plain, this court is not obligated to correct that error as the decision to correct plain error is discretionary. Id. Importantly, *Page 3 
plain error only need be corrected "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus.
 {¶ 12} Restitution orders in the context of misdemeanors such as criminal damaging are governed by R.C. 2929.28(A)(1).
 {¶ 13} "R.C. 2929.28(A)(1) allows a trial court to order `restitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss.' It does not limit the trial court's ability to order restitution to offenses containing some kind of property damage as an element of the offense. Rather, it allows restitution whenever a victim suffers an economic loss. R.C. 2929.01(M) defines `economic loss' as `any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, medical cost, or funeral expense incurred as a result of the commission of the offense.'"Byrd at ¶ 38.
 {¶ 14} When ordering restitution pursuant to R.C. 2929.28(A)(1), "a court's calculation `must be supported by competent, credible evidence from which [it] can discern the amount of the restitution to a reasonable degree of certainty.'" State v. Tuemler, 12th Dist. No. No. CA2004-06-068. 2005-Ohio-1240 at ¶ 16, quoting State v. Gears (1999),135 Ohio App.3d 297, 300, 733 N.E.2d 683.
 {¶ 15} As the Twelfth District noted, R.C. 2929.28(A)(1) provides a "broad standard for determining the amount of restitution to order."State v. Meyers, 12th Dist. No. CA2004-09-219, 2005-Ohio-4919 at ¶ 15. Applying that standard, the court in Meyers found the victim's testimony about the estimated damage to her property, even absent any corroborating evidence, was "more than sufficient" to establish the amount of restitution ordered. Id.
 {¶ 16} Similarly, in State v. Anderson, 1st Dist. Nos. C-050785, C-050786, 2006-Ohio-4602, the court upheld a restitution order made pursuant to R.C. 2929.28(A)(1), which was based upon the amount requested by the victim. In that case, the victim provided an invoice for the damage incurred to her property as a result of the defendant's *Page 4 
crime. The defendant there also failed to object to the restitution order at the trial court level. As a result, the court inAnderson held:
 {¶ 17} "We find no plain error in the circumstances before us. The trial court was permitted by statute to rely on an amount of restitution recommended by the victim. Anderson caused excessive damage to her sister's apartment, and the record does not indicate that the amount of restitution ordered was not based on the victim's economic loss. And, most telling, Anderson did not contest the amount when it was proffered." Id. at ¶ 9.
 {¶ 18} In the case at hand, Belbachir takes issue with the trial court's restitution order for several reasons. First, he insists that Cooper purchased more supplies than could have been reasonably necessary to repair her door. However, given the broad standard provided by R.C. 2929.28(A)(1), it appears proper that the court ordered restitution for the parts and supplies as requested by Cooper. Cooper provided receipts at the restitution hearing, and Belbachir failed to object to the amounts specified in those receipts. Accordingly, restitution for the supplies and parts did not rise to the level of plain error.
 {¶ 19} Second, Belbachir argues that the State did not prove Cooper's lost wages within a reasonable degree of certainty, since Cooper did not produce any corroborating evidence to prove her employment or her exact rate of pay.
 {¶ 20} At least one appellate court, albeit in the context of restitution for a felony case pursuant to 2929.18(A)(1), has reversed a restitution order for a claim of lost wages that was not supported by corroborating evidence. State v. Portentoso, 173 Ohio App.3d 297,2007-Ohio-5490, 878 N.E.2d 76, at ¶ 13. However, Portentoso is distinguishable because the restitution for lost wages in that case was not analyzed under the plain error doctrine.
 {¶ 21} By contrast, the court in State v. Johnson,164 Ohio App.3d 792, 2005-Ohio-6826, 844 N.E.2d 372, analyzed a restitution order for lost wages for plain error, and upheld the order even absent corroborating evidence. The trial court there had awarded lost wages to the victim's son as restitution in a misdemeanor case even though no *Page 5 
documentation was submitted to substantiate the lost wages. In that case, like the case at bar, the defendant failed to object or challenge the restitution order in the trial court. The court in Johnson therefore held that "any error in awarding as restitution wages lost by the victim's son absent some corroboration is waived." Id. at ¶ 71. Accordingly, Belbachir's second argument is meritless.
 {¶ 22} Finally, Belbachir argues that the two days of lost wages were not related to the underlying criminal offense. Belbachir insists it was Cooper's "choice" not to work the day after her door was damaged. He further argues that the lost wages payment ordered in connection with the July hearing where Belbachir did not appear, was likewise not related to the underlying criminal offense.
 {¶ 23} However, R.C. 2929.28(M) specifically includes "loss of income due to lost time at work" as an "economic loss" that may be compensable via a R.C. 2929.28(A)(1) restitution order. See also Johnson, supra. In this case, it is clear that Cooper's lost wages were a direct and proximate cause of Belbachir's offense. But for Belbachir's crime, Cooper would not have missed work on those occasions. Further, although "voluntary incurred expenses are not compensable as restitution damages," Portentoso at ¶ 9, quoting State v. Beam, 5th Dist. No. 06CAA030018, 2007-Ohio-386, it strains credulity to assert that Cooper "chose" to miss work on those two occasions. Thus, the trial court's restitution order, with respect to the lost wages, was supported by competent, credible evidence and was not plain error.
 {¶ 24} In conclusion, Belbachir's sole assignment of error is meritless. The trial court's restitution order was not a plain error that affected a substantial right. Accordingly, the judgment of the trial court is affirmed.
Donofrio, J., concurs.
Waite, J., concurs. *Page 1