[Cite as *Grove City v. Sample*, 2018-Ohio-4619.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| City of Grove City, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 18AP-30 |
| v. | : | (M.C. No. 17CRB-12663) |
| Mark K. Sample, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 15, 2018

**On brief:** *Frost Brown Todd LLC*, *Stephen J. Smith*, *Thaddeus M. Boggs*, and *Michelle Y. Harrison*, for appellee. **Argued:** *Thaddeus M. Boggs*.

**On brief:** *Parks and Meade, LLC*, and *Darren L. Meade*, for appellant.

APPEAL from the Franklin County Municipal Court

SADLER, J.

{¶ 1} Defendant-appellant, Mark K. Sample, appeals from the judgment entry of the Franklin County Municipal Court finding appellant guilty of assault. For the following reasons, we affirm the decision of the trial court regarding appellant's guilty plea, reverse the decision of the trial court regarding the amount of restitution imposed, and remand the matter to the trial court for further proceedings consistent with this decision.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant was charged with assault pursuant to Grove City Code 537.03(A), a first-degree misdemeanor, following an April 2017 incident in which appellant punched another person in the head with his fist. The case was transferred from Grove City Mayor's

Court to Franklin County Municipal Court in June 2017 pursuant to R.C. 1905.032. Appellant initially entered a plea of not guilty and was appointed counsel.

{¶ 3} On October 30, 2017, plaintiff-appellee, City of Grove City, filed a plea offer form whereby appellant would agree to a plea of guilty or no contest to one count of assault with the condition that he would stay away from the victim. The plea offer form notes appellant's prior record. The form states "[t]here are no other verbal or side agreements between the Plaintiff and the Defendant in this case." (Emphasis omitted.) (Oct. 30, 2017 Plea Offer Form at 1.) No box is checked to indicate appellant accepted the plea offer, and appellant's signature is not on the plea offer form.

{¶ 4} That same day, the trial court held a hearing, and appellant stated he intended to enter a guilty plea. The trial court handed him a document entitled Advice of Rights and Waiver of Trial by Jury ("Advice of Rights Form"). Appellant indicated he had an opportunity to review the Advice of Rights Form with his counsel and had enough time to review it so that he could "proceed knowingly, intelligently and voluntarily." (Oct. 30, 2017 Tr. at 3.) Appellant told the trial court that he read and understood the Advice of Rights Form prior to signing it and that he did not need more time. Appellant's counsel likewise indicated that she believed her client proceeded knowingly, intelligently, and voluntarily. The trial court then accepted appellant's guilty plea to the stated charge.

{¶ 5} After accepting the plea, the trial court allowed counsel for both parties to speak. Counsel for appellant stated that appellant regrets the way he handled the conflict, that there were injuries, and the victim was "so upset and so disturbed" by the incident. (Oct. 30, 2017 Tr. at 4.) Counsel for appellee stated the victim was present at the hearing and would like to address the court. Counsel for both parties then discussed the possibility of scheduling an additional hearing for sentencing. Specifically, appellee's counsel stated "[w]e were requesting a sentencing date to address restitution." (Oct. 30, 2017 Tr. at 5.) Appellant's counsel added "[i]t is my understating that we needed to get more information about restitution," to which appellee's counsel replied "[w]ell, I mean, I have a restitution amount today, but it was my understanding from defense [counsel] that it wasn't sufficient." (Oct. 30, 2017 Tr. at 5.) Appellant's counsel responded "I was just given a number and no breakdown of what that number covered." (Oct. 30, 2017 Tr. at 5.)

{¶ 6}    The trial court requested counsel for both parties approach the bench, and a discussion was held off the record.  The trial court resumed the proceeding stating "it's come to the Court's notice that defense counsel would like to set this over for sentencing," but since the prosecuting witness was present, he would be permitted to speak.  (Oct. 30, 2017 Tr. at 5.)  The victim briefly spoke, noting, in pertinent part, that after appellant assaulted him, he "had gotten dizzy and thrown up" so he went to Grant Hospital.  (Oct. 30, 2017 Tr. at 6.)  There, he received a CT scan and an MRI scan, which showed he had a slight concussion.  The trial court stated it would take the victim's statement into consideration for sentencing and closed the hearing.  The sentence entry filed by the trial court that day (October 30, 2017) indicates appellant entered a plea of guilty to the stated charge of assault, the trial court accepted the plea, and a hearing on sentencing would occur at a later specified date.

{¶ 7}    On December 11, 2017, appellee filed another plea offer form stating "[appellant] already pled" guilty and under the section for conditions/terms, "$3255.00 restitution to [the victim at the victim's address]."  (Dec. 11, 2017 Plea Offer Form at 1.)  No box is checked to indicate appellant accepted the plea offer, and appellant's signature is not on the plea offer form.

{¶ 8}    The trial court held a sentencing hearing that day.  The trial court noted appellant entered a guilty plea on October 30, 2017.  The following discussion, in pertinent part, then took place:

> [APPELLANT'S COUNSEL]:  Your Honor, it's my understating no ongoing medical treatment was required.  The reason the medical bills were so expensive is they did lots of test.  There was no injury, no follow-up treatment required, just so the Court is aware.
>
> THE COURT:  Okay.  Are you able to pay or do you want to do community service?  I think that would probably be better, since you are saying – your counsel has indicated that you are not able to – it's difficult for you to get a job right now.
>
> [APPELLANT]:  I mean, as soon as I get a job, I'm able to make payments if that's what the Court would have me do.
>
> THE COURT:  All right.
>
> * * *

[APPELLANT'S COUNSEL]: We would love the community service.

* * *

THE COURT: Okay. Court is going to impose 180 days in the Franklin County Correctional Center, suspend 180 for two years of community control, order restitution in the amount of $3,255. That will be payable to [the victim].

* * *

[APPELLANT'S COUNSEL]: Your Honor, can the Court clarify – It was my understanding that the [community service] was as an alternative because he doesn't have employment.

* * *

THE COURT: He has to pay $3,255, so I would rather him pay that money and I'm going to waive the fines and court costs and he's going to do the [community service] for the Court. Okay? Or I can give him fines and court costs and community service of 60 hours.

[APPELLANT'S COUNSEL]: I would not like him to have the fines and court costs.

* * *

THE COURT: Anything else, Counsel?

[APPELLANT'S COUNSEL]: No, Your Honor.

(Dec. 11, 2017 Tr. at 4-7.)

{¶ 9} In the sentencing entry dated December 11, 2017, the trial court indicated that appellant, represented by counsel, entered a plea of guilty to the charge of assault. The trial court imposed 180 days, all suspended, and 2 years community control with conditions including staying away from the victim, no further acts of violence or similar offenses, and 60 hours of community service. The trial court further ordered restitution to the victim in the amount of $3,255 and waived fees and court costs.

{¶ 10} Appellant filed a timely appeal.

## II.  ASSIGNMENTS OF ERROR

{¶ 11} Appellant assigns the following as trial court error:[1]

[1.] The Appellant's guilty plea was not knowingly, voluntarily made since the Appellant based his plea on the reasonable belief that he would be sentenced to community service in lieu of restitution.

[2.] The trial court erred by ordering restitution when the record did not contain competent, credible evidence establishing the amount of loss sustained by the victim.

## III.  LEGAL ANALYSIS

### A.  Appellant's First Assignment of Error

{¶ 12} In his first assignment of error, appellant contends his guilty plea was not knowingly and voluntarily entered because "he reasonably believed that he would receive sixty (60) hours of community service in lieu of paying restitution due to his counsel's conversations with the judge prior to and at sentencing." (Appellant's Brief at 8.)  Appellant does not assert the trial court did not fully comply with the mandates of Crim.R. 11(D).

{¶ 13} " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' "  *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996).  To be voluntary, a guilty plea must be the expression of the defendant's own free will and must not be induced by threats, misrepresentations, or improper promises.  *Brady v. United States*, 397 U.S. 742, 755 (1970).

{¶ 14} A defendant who challenges his or her guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must demonstrate prejudice in order to invalidate the plea.  *Veney* at ¶ 15; *State v. Young*, 10th Dist. No. 10AP-292, 2010-Ohio-5873, ¶ 9.  "The test for prejudice is 'whether the plea would have otherwise been made.' "  *State v. Williams*, 10th Dist. No. 10AP-1135, 2011-Ohio-6231, ¶ 36, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).  "A determination of whether a plea was knowingly, intelligently, and voluntarily entered is based upon a review of the record."  *Young* at ¶ 6,

---

[1] Appellant switched the order and numbering of the assignments of error in the analysis.

citing *State v. Vinson*, 10th Dist. No. 08AP-903, 2009-Ohio-3240, ¶ 7, citing *State v. Spates*, 64 Ohio St.3d 269, 272 (1992).

{¶ 15} As a preliminary issue, appellant has not provided this court with any legal authority pertinent to how the expectation of a certain sentence affects a guilty plea. As such, appellant has not met his burden in demonstrating error on appeal in this regard. App.R. 16(A)(7); *State v. Sims*, 10th Dist. No. 14AP-1025, 2016-Ohio-4763, ¶ 11 (stating general rule that an appellant bears the burden of affirmatively demonstrating error on appeal); *State v. Smith*, 9th Dist. No. 15AP0001n, 2017-Ohio-359,¶ 22 (noting that it is not the duty of an appellate court to create an argument on an appellant's behalf).

{¶ 16} Furthermore, the record does not support appellant's argument. First, to the extent appellant points to conversations with the judge prior to the sentencing hearing, he relies on information outside the record. As such, those alleged conversations do not support reversal on appeal. *State v. Leeper*, 5th Dist. No. 2004CAA07054, 2005-Ohio-1957, ¶ 41 ("In a direct appeal, a reviewing court may only consider what is contained in the trial court record."); *Young* at ¶ 6, 26; *State v. Smith*, 10th Dist. No. 17AP-636, 2018-Ohio-2271, ¶ 14, 20; *State v. Armstrong*, 8th Dist. No. 101961, 2015-Ohio-3343, ¶ 20. Second, the record shows appellant agreed to plead guilty to the stated charge on October 30, 2017, when restitution was clearly a possibility that would be resolved at a later date. Even at the December 11, 2017 sentencing hearing, appellant deferred to the judge's preference regarding restitution and told the judge that he would be able to make payments as soon as he got a job. When restitution was imposed, appellant did not move to withdraw his guilty plea or otherwise indicate his guilty plea was based on his expectation of community service in place of restitution. Overall, appellant's contention that he entered a guilty plea based on his understanding the trial court would order community service in place of restitution is not supported by the record. *Young* at ¶ 6. Therefore, we find appellant's assignment of error to lack merit.

{¶ 17} Accordingly, appellant's first assignment of error is overruled.

### B.  Appellant's Second Assignment of Error

{¶ 18}  In his second assignment of error, appellant contends the trial court abused its discretion by ordering restitution when the record did not contain competent, credible evidence establishing the amount of loss sustained by the victim.[2]

{¶ 19}  As a preliminary issue, appellee suggests, without providing this court with legal authority, that appellant waived his right to appeal this issue altogether by executing a waiver of trial by jury (as a part of entering a guilty plea) and neither questioning the amount of restitution or objecting to restitution.  Our review of the Advice of Rights Form executed by appellant and the hearing transcript show appellant did not expressly waive his right to appeal his sentence.  Furthermore, our review of case law shows a direct appeal of the amount of restitution ordered by the trial court is permissible following an offender's guilty plea.  *See*, *e.g.*, *State v. Strickland*, 10th Dist. No. 08AP-164, 2008-Ohio-5968, ¶ 9; *State v. Becraft*, 2d Dist. No. 2016-CA-9, 2017-Ohio-1464, ¶ 17; *State v. Welch*, 8th Dist. No. 105158, 2017-Ohio-7887, ¶ 30; *State v. Savage*, 4th Dist. No. 15CA2, 2015-Ohio-4205, ¶ 24-26; *Leeper* at ¶ 18, 39-47.  *See also State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, ¶ 15.  However, an offender's alleged failure to dispute or object to the amount of restitution may affect the standard of review of this court as provided below.

{¶ 20}  In Ohio, trial courts are permitted to impose restitution by statute.  A trial court may, in its discretion, order an offender who committed a misdemeanor to pay restitution to the victim of his or her crime "in an amount based on the victim's economic loss." R.C. 2929.28(A)(1).[3]

{¶ 21}  "Economic loss" is defined as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, medical cost, or funeral expense incurred as a result of the commission of the offense." R.C. 2929.01(L).  If the court imposes restitution:

> [T]he court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts

---

[2] Appellant makes no argument regarding the procedure utilized by the trial court, his own ability to pay, or the imposition of restitution generally outside of the argument specific to the amount of restitution being unsupported by evidence in the record.

[3] The statute governing imposition of restitution in felony cases, R.C. 2929.18, contains identical language.

> indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.

R.C. 2929.28(A)(1). If the offender, victim, or survivor disputes the amount of restitution imposed by the trial court, "the court shall hold an evidentiary hearing on restitution." R.C. 2929.28(A)(1). At the hearing on restitution, the victim or survivor has the burden to prove by a preponderance of the evidence the amount of restitution sought from the offender. R.C. 2929.28(A)(1).

{¶ 22} The record must contain competent, credible evidence from which the court can discern the amount to a reasonable degree of certainty. *State v. Simmons*, 10th Dist. No. 15AP-708, 2017-Ohio-1348, ¶ 46; *State v. Thompson*, 10th Dist. No. 10AP-1004, 2011-Ohio-5169, ¶ 20. The evidence supporting a restitution order can be either documentary or testimonial evidence. *Simmons*. *See*, *e.g.*, *State v. Jackson*, 4th Dist. No. 11CA3263, 2012-Ohio-4235, ¶ 8-11 (finding trial court's restitution order amount, which was based solely on information contained in the pre-sentence investigation derived from the prosecutor's file, which the trial court noted is not considered evidence, to be contrary to law).

{¶ 23} In general, a trial court has discretion to order restitution. *Simmons* at ¶ 45; *Thompson* at ¶ 25. An abuse of discretion requires more than an error of law or judgment; it connotes that the court's attitude is unreasonable, unconscionable, or arbitrary. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However, in the present case, appellant did not contest or object to the specific amount of restitution imposed by the trial court during the sentencing hearing. As such, he has waived all but plain error review. *Thompson* at ¶ 24-25; *State v. Hughes*, 10th Dist. No. 01AP-196 (Dec. 27, 2001); *State v. Belbachir*, 7th Dist. No. 08 BE 24, 2009-Ohio-1511, ¶ 10; Crim.R. 52(B). "Plain error exists when there is an error that is plain or obvious and that affects a substantial right." *Thompson* at ¶ 22.

{¶ 24} A trial court commits plain error in awarding restitution that is not supported by competent, credible evidence. *State v. Policaro*, 10th Dist. No. 06AP-913, 2007-Ohio-1469, ¶ 8-9 (finding no plain error where victim's testimony supported amount of restitution ordered by the trial court); *State v. Norton*, 8th Dist. No. 102017, 2015-Ohio-

2516, ¶ 44 (finding restitution award exceeding evidence presented at trial to constitute plain error); *State v. Alcala*, 6th Dist. No. S-11-026, 2012-Ohio-4318, ¶ 29-30. *See also State v. Waiters*, 191 Ohio App.3d 720, 2010-Ohio-5764, ¶ 14 (8th Dist.) (finding that regardless of an offender's failure to object, the trial court is required to abide by statutory restitution requirements); *Thompson* at ¶ 25 (noting, regardless of whether an objection is lodged, "restitution is limited to the actual loss caused by the offense of which the defendant is convicted").

{¶ 25} In *Hughes*, this court evaluated whether the trial court committed plain error in ordering restitution based on an amount represented by the prosecutor to the trial court. According to the prosecutor, the victim was hospitalized as a result of the felonious assault, "had to undergo two surgeries, follow-up visits for the sutures to be removed from his neck. And the total medical bills for eighteen thousand two-hundred dollars which are still outstanding. He did not have any medical insurance at that point." *Id.* We found that while the amount of restitution ordinarily must be demonstrated by the victim, the prosecution's presentation of the amount of the victim's past medical bills arising from the assault, coupled with the absence of an objection from defendant and with payment directly to the provider, the record failed to support defendant's contention that the amount of restitution was arbitrarily determined or unrelated to the loss the victim suffered. Therefore, we declined to find plain error.

{¶ 26} Here, unlike *Hughes*, the record of the case is devoid of competent and credible evidence to support the amount of restitution imposed by the trial court under R.C. 2929.28(A)(1). The victim testified on October 30, 2017 that he was taken to Grant Hospital following the incident, a CT scan and an MRI scan were performed, and he was diagnosed with a slight concussion. Neither the victim nor the prosecuting attorney identified or discussed the actual amount of his economic loss at the October 30, 2017 hearing. Apparently, both parties were discussing some amount, but the amount was in dispute at that point, triggering the separate sentencing hearing to discuss restitution. At the December hearing on restitution, neither party addressed the amount of restitution. The solitary reference in the record to $3,255 as to the amount of restitution (aside from the judgment entry) is the plea offer form filed by appellee the same day as the December hearing. On this sparse record, we decline to assume the amount indicated on the plea offer

form was recommended by the victim or was based on medical records or receipts. Sitting alone, the plea offer form is essentially derived from the prosecutor, which, as noted in *Jackson*, is not "evidence" to support the restitution award. *Id.* at ¶ 8-11. The December 11, 2017 plea offer form also does not include appellant's acceptance of the plea offer or appellant's signature, and we find no other indication that appellant agreed to $3,255 as a part of the plea or otherwise stipulated to that amount.

{¶ 27} Considering all the above, we find the amount of restitution ordered by the trial court is not supported by competent, credible evidence in the record. As a result, the trial court order is contrary to R.C. 2929.28 and constitutes plain error. *Simmons.* The matter is remanded to the trial court to determine the amount of restitution in accordance with the law.

{¶ 28} Accordingly, appellant's second assignment of error is sustained.

## IV. CONCLUSION

{¶ 29} Having overruled appellant's first assignment of error and sustained appellant's second assignment of error, we affirm as to appellant's guilty plea, reverse the trial court's order as to the amount of restitution, and remand the matter to the Franklin County Municipal Court for further action consistent with this decision.

*Judgment affirmed in part, reversed in part;*
*cause remanded.*

TYACK and KLATT, JJ., concur.

_____