OPINION
{¶ 1} Defendant-appellant, Joseph Rosebrook (hereinafter "Rosebrook"), appeals the judgment of the Logan County Court of Common Pleas, which sentenced him following convictions for one count of conspiracy to commit aggravated murder, four counts of receiving stolen property, one count of obstructing justice, and three counts of tampering with a vehicle identification number.
 {¶ 2} In July of 2004, a grand jury indicted Rosebrook for one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32, a felony of the first degree; one count of conspiracy to commit aggravated murder in violation of R.C. 2903.01 and 2923.01, a felony of the first degree; thirteen counts of receiving stolen property in violation of R.C.2913.51(A), felonies of the fourth and fifth degree; two counts of theft in violation of R.C. 2913.02(A)(1), felonies of the third degree; one count of obstruction of justice in violation of R.C. 2921.32, a felony of the fifth degree; six counts of tampering with a vehicle identification number in violation of R.C. 4549.62(A), felonies of the fifth degree; and one count of possession of criminal tools in violation of R.C. 2923.24, a felony of the fifth degree. Additionally, the indictment included two forfeiture specifications.
 {¶ 3} The July 2004 indictment also included the specific property involved in the receiving stolen property and tampering with a vehicle identification number offenses. The receiving stolen property offenses involved the following: a 1970 Nova, a 1957 Chevy, a 1957 Chevy transmission, a Melrose Bobcat loader, a New Holland skid loader, a green Ford 350, a G Tractor, antique furniture and goods, a 2003 F-250 Lariat diesel pick-up truck, a 1999 Dodge 3500, and a 1995 Dodge Ram Club Cab Laramie XLT. The theft offenses involved victims over the age of sixty-five and amounts between $5,000 and $100,000. Finally, the tampering with a vehicle identification number offenses involved a Harley Davidson motorcycle, a Ford Truck 250, the Melrose Bobcat loader, the New Holland skid loader, and the G Tractor.
 {¶ 4} In April of 2005, the July 2004 indictment was amended, and Rosebrook entered guilty pleas to nine counts in the amended indictment. Rosebrook pled guilty to conspiracy to commit aggravated murder in violation of R.C. 2923.01, a felony of the first degree; receiving stolen property, which involved the 1970 Nova, in violation of R.C. 2913.51(A), a felony of the fourth degree; receiving stolen property, which involved the 1957 Chevy, in violation of R.C. 2913.51(A), a felony of the fourth degree; receiving stolen property, which included the green Ford 350, in violation of R.C. 2913.51(A), a felony of the fourth degree; receiving stolen property, which involved the 2003 Ford F-250 Lariat diesel pick-up truck, in violation of R.C. 2913.51(A), a felony of the fourth degree; obstructing justice in violation of R.C. 2921.32(A)(4), a felony of the fifth degree; tampering with a vehicle identification number, which involved the Ford Truck 250, in violation of R.C. 4549.62(A), a felony of the fifth degree; tampering with a vehicle identification number, which involved the New Holland skid loader, in violation of R.C.4549.62(A), a felony of the fifth degree; and tampering with a vehicle identification number, which involved the G Tractor, in violation of R.C. 4549.62(A), a felony of the fifth degree. Additionally, Rosebrook consented to one of the forfeiture specifications.
 {¶ 5} In exchange for Rosebrook's guilty pleas, the State dismissed the remaining sixteen counts in the original indictment as well as the second forfeiture specification. Additionally, Rosebrook entered into a written plea agreement prior to entering his guilty pleas. The plea agreement contained the following provision:
I understand and agree that I am responsible for and will beordered to pay for my fair share of restitution as determined bythe Court in connection with the Count/s [sic] that are beingdismissed as a result of any underlying agreement.
 {¶ 6} The trial court held a sentencing hearing after Rosebrook pled guilty. At the hearing, the trial court noted it did not believe that it could order restitution on the counts to which Rosebrook did not plead guilty. However, both the State and defense counsel brought to the trial court's attention the clause in the plea agreement, which stated that Rosebrook would be responsible for restitution for all counts, including those which were dismissed.
 {¶ 7} The trial court subsequently allowed the State to make its arguments for restitution as to all counts. The State then began with one of the counts of tampering with a vehicle identification number. At that point, Rosebrook's defense counsel stated:
The plea agreement says — did say he would be responsible forrestitution. We understood that would be as to what he pleadguilty, tampering with VIN number and damages as a result ofthat, he should pay them. The defendant pled to the receivingstolen property and we had no numbers. We agree, Your Honor, as apart of that plea agreement that restitution — there has to be anexus between the plea and the actual damage. I take it there isdamage as a result of the altering a VIN number. How much damage,is it 50 or 100 dollars, we don't know, to replace the proper VINplate, I guess. I don't know.
 {¶ 8} In response, the State and the trial court directed defense counsel's attention to the language contained in the plea agreement. Defense counsel acknowledged the agreement as to restitution and allowed the State to continue without further objection. Following the State's argument on restitution as well as the sentence to be imposed, Rosebrook apologized to the victims and stated that he wished to take responsibility for what he had done.
 {¶ 9} The trial court then sentenced Rosebrook and ordered the restitution requested by the State. Thereafter, the trial court journalized Rosebrook's sentence and ordered that restitution totaling $87,882.13 be paid among eleven victims.
 {¶ 10} It is from this decision that Rosebrook appeals and sets forth two assignments of error for our review. For purposes of clarity, we consider Rosebrook's assignments of error out of order.
 ASSIGNMENT OF ERROR NO. 2 The trial court erred in failing to conduct a hearing onrestitution pursuant to Section 2929.18(A)(1) of the RevisedCode, when the Defendant disputed the amount sought by theState.
 {¶ 11} In his second assignment of error, Rosebrook asserts that the trial court erred in failing to conduct a hearing on the issue of restitution. For the reasons that follow, we find Rosebrook's assertion unavailing.
 {¶ 12} R.C. 2929.18(A) permits a trial court that is imposing a sentence for a felony conviction to sentence the offender to any financial sanction or combination of financial sanctions authorized by law. However, R.C. 2929.18(A)(1) expressly provides that a trial court "shall hold a hearing on restitution if theoffender, victim, or survivor disputes the amount." (Emphasis added.)
 {¶ 13} Rosebrook argues that his defense counsel raised an objection to the amount of the restitution requested by the State. As noted above, Rosebrook's defense counsel stated:
The plea agreement says — did say he would be responsible forrestitution. We understood that would be as to what he pleadguilty, tampering with VIN number and damages as a result ofthat, he should pay them. The defendant pled to the receivingstolen property and we had no numbers. We agree, Your Honor, as apart of that plea agreement that restitution — there has to be anexus between the plea and the actual damage. I take it there isdamage as a result of the altering a VIN number. How much damage,is it 50 or 100 dollars, we don't know, to replace the proper VINplate, I guess. I don't know.
Following this comment, the State and the trial court directed defense counsel's attention to the restitution agreement contained in the plea agreement. At that point, Rosebrook's defense counsel acknowledged the agreement as to restitution and remained silent for the remainder of the hearing.
 {¶ 14} We cannot find that Rosebrook's defense counsel's initial comment, which questioned the amount of restitution on one of nine counts without disputing any of the remaining counts, rose to the level necessary to trigger a hearing under R.C.2929.18(A)(1). Although Rosebrook's defense counsel disputed this one amount, he subsequently acknowledged the plea agreement and remained silent. Moreover, Rosebrook himself did not dispute any of the restitution amounts argued by the State.
 {¶ 15} We must, therefore, conclude that Rosebrook waived his right to a hearing on the amount of restitution. Accordingly, Rosebrook's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 1 The trial court erred in ordering the Defendant to payrestitution relating to dismissed charges.
 {¶ 16} In his first assignment of error, Rosebrook argues that the trial court erred in ordering him to pay restitution on counts that were dismissed following his change of plea. For the reasons that follow, we find Rosebrook's argument lacks merit.
 {¶ 17} We note initially, based on our analysis above, that Rosebrook failed to object to the restitution amount at the sentencing hearing and failed to request an evidentiary hearing. Therefore, Rosebrook's failure to object waives his right to raise this issue on appeal absent plain error. Crim.R. 52(B).
 {¶ 18} We recognize plain error "`with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" State v. Barnes, 94 Ohio St.3d 21,27, 2002-Ohio-68, quoting State v. Long, 53 Ohio St.2d 91,372 N.E.2d 804, paragraph three of the syllabus. Consequently, plain error exists only where there is a deviation from a legal rule, the error constitutes an "obvious" defect in the trial proceeding, and the error affected a defendant's "substantial rights." Barnes, 94 Ohio St.3d at 27.
 {¶ 19} The trial court imposed the restitution order at issue as part of the sentence pursuant to R.C. 2929.18(A)(1), which reads in pertinent part:
Financial sanctions that may be imposed * * * include, butare not limited to * * *:
 (1) Restitution by the offender to the victim of theoffender's crime * * * in an amount based on the victim'seconomic loss. (Emphasis added.)
 {¶ 20} In the case sub judice, Rosebrook agreed to plead guilty to some charges contained in the indictment in exchange for the dismissal of other charges for which he was indicted. More particularly, as part of the consideration for the plea agreement, Rosebrook also agreed to provide restitution to the victims of his conduct for which the resulting criminal charges were dropped under the plea agreement. There is no legal barrier in statute or case law preventing a defendant from negotiating this result, if it is voluntarily entered into, nor prohibiting a court from ordering such agreed upon restitution.
 {¶ 21} The financial sanction statute, R.C. 2929.18(A)(1), explicitly states that the sentencing court is "not limited to" the listed financial sanctions. Therefore, the statute does not exclude an order of restitution which may not in all respects fit the specific language of (A)(1).
 {¶ 22} Prior case law does not limit restitution to the offense for which a defendant has been charged and convicted.[1] Specifically, the facts in the cases ofState v. Williams, 3d Dist. No. 8-03-25, 2004-Ohio-2801; Statev. Hafer (2001), 144 Ohio App.3d 345, 760 N.E.2d 56; and Statev. Ellis, 4th Dist. No. 02CA48, 2003-Ohio-2243, are all distinguishable. In Williams, the defendant was acquitted by the jury of the forgery charge for which the trial court improperly imposed restitution anyway. In both Hafer andEllis, it was held that the trial courts improperly imposed restitution for crimes which were dismissed as part of the plea agreements. However, in those cases the defendants did not agree to provide restitution. The plea agreements were silent about restitution, and thus did not include it.
 {¶ 23} The present case presents a far different situation. A plea agreement in which some charges are dropped in exchange for a guilty plea to other charges, does not, of course, equate to an acquittal. And, the plea agreement at issue in the present case expressly includes an agreement by the defendant to pay restitution for the loss he caused to the victims even though the criminal charges arising from his conduct in those situations were dismissed as part of the overall case settlement. Rosebrook could reasonably have concluded that a restitution order was preferable to conviction, or the possibility of conviction, on the charges dropped by virtue of the plea agreement. Nothing in the law prevents him from making that choice.
 {¶ 24} For the foregoing reasons, we find the trial court did not err in ordering Rosebrook to pay restitution on counts that were dismissed following Rosebrook's change of plea. Accordingly, Rosebrook's first assignment of error is overruled.
 {¶ 25} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
Bryant, P.J., concurs.
[1] In fact, this court recently noted in dicta that a trial court may order a defendant to pay restitution on counts for which the defendant had not been convicted when the defendant agreed to plead guilty to one charge and pay restitution for all charges in exchange for the dismissal of another. State v.Weatherholtz, 3d Dist. No. 2-04-47, 2005-Ohio-5269, at ¶ 6.