[Cite as *State v. Wickline*, 2011-Ohio-3004.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,                              CASE NO. 8-10-20

    PLAINTIFF-APPELLEE,

  v.

WILLIAM C. WICKLINE,               O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 10-03-0044

Judgment Reversed and Cause Remanded

Date of Decision:  June 20, 2011

APPEARANCES:

    *Marc S. Triplett* for Appellant

    *Daniel J. LaRoche* for Appellee

**WILLAMOWSKI, J**.

{¶1} Defendant-Appellant, William C. Wickline ("Wickline"), appeals the judgment of the Logan County Court of Common Pleas ordering him to pay over $30,000 in restitution to the victim and the victim's insurance company after he pled guilty to a misdemeanor theft offense. On appeal, Wickline contends that the trial court erred when it ordered him to make restitution to the insurance company; that the amount of restitution exceeded the damages specified in the offense for which he was convicted; that the amount of restitution exceeded his ability to pay; and that the decision was not supported by competent, credible evidence. For the reasons set forth below, the judgment is reversed and remanded.

{¶2} Carl Zimmerman ("Zimmerman") rented property to Wickline's father, and he also kept some farm equipment stored on that property "out behind the buildings and out further into a pasture field." (Sept. 13, 2010, Hearing Tr., p. 7.) In January of 2010, Zimmerman learned that Wickline had sold numerous pieces of this farm equipment for $124 scrap value. On April 13, 2010, the Logan County Grand Jury indicted Wickline on one count of theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. A theft offense is a felony of the fifth degree when the value of the property stolen is five hundred dollars or more, but less than five thousand dollars. R.C. 2913.02(B). Wickline was found to be indigent and counsel was appointed. Wickline entered a plea of not guilty.

{¶3} On August, 4, 2010, Wickline agreed to plead guilty to an amended offense, which would be classified as a misdemeanor of the first degree. The theft offense was reduced from a felony to a misdemeanor because the State agreed to remove the valuation of the property as being over five hundred dollars. The indictment was amended and Wickline signed the plea agreement acknowledging that the maximum penalty could be six months in the county jail and a $1,000 fine. The plea agreement further stated:

> **I understand and agree that I am responsible for and will be ordered to pay for my fair share of restitution as determined by the Court in connection with the counts that are being dismissed as a result of any underlying agreement.**

Wickline also reserved the right to present evidence and argument at sentencing regarding the issue of the amount of restitution owing to the victim.

{¶4} A sentencing hearing was held on September 13, 2010. In order to determine the amount of restitution owed, the trial court heard testimony from Zimmerman as to the value of the farm equipment. Zimmerman testified that he had looked up the valuation of the missing farm equipment by going to sales and looking in farm magazines and catalogues to find the value of comparable used equipment. Zimmerman provided the court with a list of the different items of farm equipment that Zimmerman testified was missing, showing a total valuation

of $30,891.90.[1] Zimmerman testified that he submitted the $30,891.90 claim to his insurance company but that it only offered to pay approximately $12,000 at first. After negotiating back and forth, the insurance company offered to pay $20,504.69.[2] Zimmerman agreed to accept that amount even though this sum was below his policy's $24,000 maximum limit. After subtracting the $250 deductible, the insurance company issued Zimmerman a check for $20,254.69 in May of 2010.

{¶5} The trial court then sentenced Wickline to six months in jail, but suspended all but sixty days, dependent upon Wickline's good behavior. Wickline was also ordered to pay a $250 fine and court costs. The trial court stated that it would take the matter of restitution under advisement and that it would rule on the matter within the week.

{¶6} On September 15, 2010, the trial court filed its decision, ordering that the sentencing entry should incorporate an order of restitution to Zimmerman in the amount of $10,637.21, and to the insurance company in the amount of $20,254.69, for a total of $30,891.90. On September 29, 2010, the trial court filed a judgment entry imposing the sentence and ordering Wickline to pay the fine and

---

[1] The list included twenty-seven different types of farm equipment, fifty-four items in all, such as an IH30 disc, an Oliver disc, an Oliver field cultivator, an IH cultivator, Oliver bottom plows, a Brady field cultivator, wagon gear, and other farming implements.

[2] When questioned as to how the insurance company arrived at that figure, Zimmerman stated that "what it boiled down to is, I was told if you go out and prove that you have proof of this, the -- what you're asking for this, we'll take it. Well, we went along with this for a while and I kept looking for – trying to find items similar and a price on them, and then we got into an argument over what they – I finally – after so much time I said, well, it's time to settle this and go on. I got tired of it." (Sentencing Tr., p. 13.)

costs, but it did not include an order of restitution. Following this, on October 28, 2010, the trial court issued a final "Nunc Pro Tunc Judgment Entry/Sentencing," restating the previously imposed sentence, fine and costs, and also ordering Wickline to pay restitution to Zimmerman and the insurance company, as stated in the September 15, 2010 decision. It is from this judgment that Wickline now appeals, raising the following assignment of error for our review.

## Assignment of Error

**The trial court erred when it ordered [Wickline] to make restitution in the amount of $30,891.90.**

{¶7} Wickline maintains that the trial court made numerous errors when it ordered him to pay $10,637.21 in restitution to Zimmerman and $20,254.69 to the insurance company. He sets forth the following four "issues" as subparts of his assignment of error:

> **First Issue: A trial court cannot order a defendant to make restitution to a victim's insurance company to offset the amount that it compensated [the] victim.**
>
> **Second Issue: A trial court's restitution order is limited to the damages caused by the offense for which the offender was convicted.**
>
> **Third Issue: A trial court abuses its discretion when it imposes an order of restitution that the defendant lacks the ability to meet.**
>
> **Fourth Issue: A trial court's restitution order must be supported by competent, credible evidence.**

{¶8} We find that the arguments set forth by Wickline concerning the first issue have merit. Moreover, the State concedes that the trial court erred in ordering Wickline to make restitution to Zimmerman's insurance company.

{¶9} The guidelines for financial sanctions and the payment of restitution are set forth in R.C. 2929.18. *State v. Perkins*, 3d Dist. No. 13-09-15, 2009-Ohio-6722. The statute provides that "(A) * * * [f]inancial sanctions that may be imposed pursuant to this section include, but are not limited to, the following: (1) Restitution by the offender *to the victim of the offender's crime * * ** in an amount based on the victim's economic loss." (Emphasis added.) R.C. 2929.18. The statute further specifies that "the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." R .C. 2929.18(A)(1). *State v. Portentoso*, 173 Ohio App.3d 297, 2007-Ohio-5490, 878 N.E.2d 76, ¶8; *State v. Didion*, 173 Ohio App.3d 130, 2007-Ohio-4494, 877 N.E.2d 725, ¶16.

{¶10} Prior to its amendment in 2004, R.C. 2929.18(A)(1) also allowed restitution to be paid to third parties, including insurance companies. See *State v. Kreischer*, 109 Ohio St.3d.391, 2006-Ohio-2706, 848 N.E.2d 496. After the statute was amended, payment of restitution was limited to those named in the statute, including the victim, the adult probation department serving the county on behalf of the victim, the clerk of courts, or another agency designated by the court. *State v. Perkins*, 190 Ohio App.3d 328, 2010-Ohio-5058, N.E.2d 1227, ¶16. Restitution

orders requiring payment to an insurance company violate the revised statute. *Didion*, at ¶31; *Perkins*, at ¶19.

**{¶11}** Wickline's first issue is well-taken. The trial court erred as a matter of law when it ordered Wickline to pay $20,254.69 to the victim's insurance company.

**{¶12}** In his second issue, Wickline contests the fact that the trial court ordered him to pay restitution in an amount that exceeded that of the offense for which he was convicted. Wickline pled guilty to a first degree misdemeanor. In order to constitute a first degree misdemeanor, the value of the property involved in the theft is specified as being valued at less than five hundred dollars. See R.C. 2913.02(B)(2). Therefore, Wickline argues that the trial court could not impose a restitution order in an amount greater than five hundred dollars.

**{¶13}** Usually, the amount of restitution must be limited to the offenses for which a defendant is charged and convicted. See, e.g., *State v. Rohrbaugh*, 191 Ohio App.3d 117, 2010-Ohio-6375, 944 N.E.2d 1230, ¶17; *State v. Williams*, 3d Dist. No. 8-03-25, 2004-Ohio-2801, ¶23; *State v. Hafer*, 144 Ohio App.3d 345, 348, 2001-Ohio-2412, 760 N.E.2d 56. "[A]s a matter of law, an offender cannot be ordered to pay restitution for damage arising from a crime of which he was not convicted." *Williams*, 2004-Ohio-2801, at ¶23.

**{¶14}** Nevertheless, the law allows restitution for damages relating to dismissed charges where such restitution is part of a defendant's negotiated plea

agreement. *State v. Strickland*, 10th Dist. No. 08AP-164, 2008-Ohio-5968, ¶12. A trial court may order a defendant to pay restitution relating to dismissed counts where (1) the defendant entered into a plea agreement in which he or she agreed to plead guilty to some counts contained in the indictment in exchange for the dismissal of other counts in the indictment, and (2) the defendant agreed, as part of the consideration for the plea agreement, to provide restitution to the victims for damages caused by his or her conduct for which criminal charges were dropped under the plea agreement. Id. (trial court did not err in ordering over $30,000 in restitution after defendant pled guilty to a fifth degree felony where plea agreement stated that "* * * parties agree restitution is not capped at $5,000.00 but to be determined by the Court"); *State v. Rosebrook*, 3d Dist. No. 8-05-07, 2006-Ohio-734, ¶¶20-24 (affirming restitution order of $87,882.13 where defendant expressly agreed to pay "restitution as determined by the Court" in connection with the dismissed counts); *State v. Weatherholtz*, Auglaize App. No. 2-04-47, 2005-Ohio-5269 (affirming $15,931.99 in restitution where defendant entered guilty plea to misuse of credit card in exchange for dismissal of theft charge and defendant agreed to make restitution as to all counts of the indictment).

{¶15} "There is authority that criminal defendants can stipulate to the amount of restitution to be ordered as a part of a sentence under R.C. 2929.18(A)(1) and that the stipulation itself provides a sufficient basis for the restitution amount under the statute." *State v. Speweike*, 6th Dist. No. L-10-1198,

2011-Ohio-493, ¶39.  And, although not relating to the *amount* of restitution, this Court has allowed the payment of restitution to a party not provided for in the statute when there was a specific agreement to do so between the state and the defendant.  *State v. Stewart*, 3d Dist. No. 16-08-11, 2008-Ohio-5823, ¶¶13-15 (holding that "R.C. 2929.18(A)(1) does not prohibit an award of restitution to a government agency when such award is made pursuant to the express plea agreement of the State and the defendant * * *.")

{¶16} As part of his negotiated plea agreement, Wickline voluntarily agreed to pay more restitution than the five hundred dollars maximum that would ordinarily be associated with a first degree misdemeanor.  Wickline acknowledged that he would be responsible for "my fair share of restitution as determined by the Court in connection with the counts that are being dismissed * * *" as part of the bargain in exchange for the State's agreement to amend the indictment from a fifth degree felony to a first degree misdemeanor.  Therefore, the trial court was authorized to order more than five hundred dollars restitution by the terms of the agreement.

{¶17} However, unlike some of the agreements in the cases cited above, Wickline did not give the trial court unlimited authority to impose any amount of restitution.  See, *Strickland*, supra.  Wickline only agreed to pay restitution "in connection with the counts that are being dismissed."  Therefore, Wickline could not be ordered to pay more restitution than he could have been ordered to pay if he

had been convicted of the original offense. The count that was dismissed was a fifth degree felony, meaning that it was a theft offense involving property valued at five hundred dollars or more, but *less than $5,000*. See R.C. 2913.02(B)(2). Therefore, according to the express terms of the plea agreement, the maximum amount that the trial court could order Wickline to pay would be less than $5,000.

{¶18} Wickline's argument raised in his second issue is partially correct. The trial court was not authorized to order any amount of restitution that was greater than $5,000. However, because of the negotiated plea agreement, Wickline was not limited to paying no more than than five hundred dollars.

{¶19} The trial court erred when it ordered Wickline to pay part of the restitution to the victim's insurance company and when it ordered restitution in an amount greater than the maximum agreed upon by the plea agreement. Based upon our resolution of these two issues, we find that Wickline's assignment of error is well-taken and is sustained. The order of restitution is vacated and the matter is remanded to the trial court for further proceedings consistent with this opinion. Because the previous order of restitution is vacated, the remaining issues are now moot. Without a judgment of restitution before us, any opinion expressed on the remaining issues would be merely advisory and not in accordance with the long-standing practice of courts to decline to render advisory opinions. See, e.g., *Allen v. Totes/Isotoner Corp.*, 123 Ohio St.3d 216, 2009-Ohio-4231, 915 N.E.2d 622, ¶¶9-10.

{¶20} Having found error prejudicial to the Appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

**Judgment Reversed and Cause Remanded**

**PRESTON, J., concurs.**

**ROGERS, P.J., concurs in part and dissents in part.**

{¶21} I concur in the reversal of the decision of the trial court because of the trial court's unauthorized order of restitution to the insurance company. However, to the extent that the majority condones an order of restitution for offenses of which the defendant was not convicted, or for amounts that exceed that for the offense of which the defendant was convicted, I dissent.

{¶22} The majority relies on *State v. Strickland*, 10th Dist. No. 08AP-164, 2008-Ohio-5968, as authority for excessive restitution based on a negotiated plea agreement. However *Strickland* relies solely on *State v. Rosebrook*, 3d. Dist. No. 8-05-07, 2006-Ohio-734, and *State v. Weatherholtz*, 3d Dist. No. 2-04-47, 2005-Ohio-5269, both of which are from this Court, and on both of which I dissented. I rely on my dissent in *Rosebrook*:

> **Many courts of this State, including this Court, have recognized that restitution must be limited to the offenses for which a defendant is charged and convicted.** *State v. Williams,* **3d Dist. No. 8-03-25, 2004 Ohio 2801, ¶23;** *State v. Hafer* **(2001), 144 Ohio App.3d 345, 348, 2001 Ohio 2412, 760**

N.E.2d 56; *State v. Hooks* (2000), 135 Ohio App.3d 746, 749, 735 N.E.2d 523; *State v. Brumback* (1996), 109 Ohio App. 3d 65, 671 N.E.2d 1064; *State v. Friend* (1990), 68 Ohio App. 3d 241, 587 N.E.2d 975.

A trial court must limit its award of restitution to the actual economic loss caused by the crime for which the offender was convicted. *Williams,* 2004 Ohio 2801, at ¶23, citing *Hafer,* 144 Ohio App.3d at 348. "As a matter of law, an offender cannot be ordered to pay restitution for damages arising from a crime of which he was not convicted." *Williams,* 2004 Ohio 2801, at ¶23.

The majority tries to distinguish these cases. Specifically, the majority claims that in *Williams,* the defendant was acquitted of charges for which the trial court erroneously imposed restitution, and in *Ellis* and *Hafer* the defendant never agreed to provide restitution for dismissed counts, as in this case. However, the plain language of the *Williams* case states that "*as a matter of law*" restitution can never arise from a crime that a defendant has not been convicted. 2004 Ohio 2801, at ¶23 (emphasis added). I simply cannot read this sentence to mean anything other than that a defendant can never under any circumstances be ordered to pay restitution for charges for which he or she has been acquitted or for charges which have been dismissed, regardless of what negotiations might have occurred.

Additionally, I would disagree with the Fourth District's holding in *Ellis*. In *Ellis,* the Forth (sic) District states the following: "In *State v. Hafer,* we interpreted the part of R.C. 2929.18(A) that deals with restitution. We held that, absent a plea agreement, a trial court abuses its discretion when it orders a defendant to pay restitution for damages attributable to an offense for which he was charged, but not convicted. In *Hafer,* the grand jury indicted the defendant for burglary, vandalism, and receiving stolen property. Pursuant to a plea agreement, the defendant pled guilty to receiving stolen property and the remaining charges were dismissed. The trial court ordered the defendant to pay restitution relating to the vandalism charge. We reversed." [Internal cite omitted.]

**However, upon review of *Hafer,* it is clear that the Fourth District in *Hafer* never imposed the "absent a plea agreement" restriction. Accordingly, I would find that based on this Court's holding in *Williams* as well as the Fourth District's holding in *Hafer,* the imposition of restitution for a non-convicted offense is never allowable as a matter of law.**

**Furthermore, there is analogous authority that even a negotiated plea and acquiescence by the defendant cannot justify a penalty not authorized by statute. See *In Re: Khary Ingram,* 8th Dist. No. 79808, 2002 Ohio 806. Thus, because R.C. 2929.18, which governs a sentencing court's authority to order restitution, only allows for restitution to be imposed for convicted offenses, such a penalty is not authorized by statute. *Hooks,* 135 Ohio App.3d at 749.**

**Finally, in applying all of these principals, I would point out that we must strictly construe statutes against the State. See *Brecksville v. Cook,* 75 Ohio St.3d 53, 57, 1996 Ohio 171, 661 N.E.2d 706. As such, I would find that in light of the fact that because there is no statutory authority to specifically impose restitution where charges have been dismissed, such authority cannot and should not be read into the statute. By allowing the State to "negotiate" economic sanctions for matters which have not been proven, or to which a defendant has not pled guilty, opens a door whereby the prosecutor's office becomes a tool for the collection of civil debts, which could be interpreted as a disciplinary violation. I would not endorse or permit the use of the State's power to prosecute in this manner and believe that this is exactly what the majority's position allows and encourages.**

**Because restitution cannot be imposed for a crime for which the defendant is not convicted, the imposition of such restitution in the defendant's case is contrary to law and rises to the level of plain error. Accordingly, I would reverse on the issue of restitution and remand for resentencing.**

*State v. Rosebrook*, 3d Dist. No. 8-05-07, 2006-Ohio-734, ¶¶27-33 (Rogers, J. dissenting in part).

{¶23} The majority also cites to *State v. Stewart*, 3d Dist. No. 16-08-11, 2008-Ohio-5823, from this Court, which I authored.[3] In *Stewart*, in return for a reduction of charges from a felony to a misdemeanor, the defendant agreed to "reimburse the Wyandot County Sheriff's Office for buy monies in the amount of $80 and drug testing fees in the amount of $40." Id. at ¶12. The defendant made no objection at sentencing, but appealed the imposition of those amounts as "restitution." This court found that the defendant had waived all but plain error, that the defendant had invited the error, that the defendant had received a substantial benefit from the reduction in the charge, and that there was no manifest miscarriage of justice. I find substantial differences between *Stewart* and the case before us today. Among other differences, *Stewart* did not involve the issue of imposition of restitution on counts which were dismissed and has no application here.

{¶24} In summary, I would find that any order to pay restitution, and the amount of the restitution ordered, must be limited to the offense of which the defendant is convicted. In this case the defendant entered his plea to and was convicted of a misdemeanor of the first degree, and therefore, the restitution must be limited to five hundred dollars. It must be remembered that victims are still able to recover damages through civil litigation.

---

[3] Given the opportunity this author would reconsider that opinion, or at least word the opinion more carefully.

{¶25} While it may seem to be *good politics* for prosecutors to negotiate, and for judges to approve, restitution for offenses or amounts which are not prosecuted, such conduct encourages abuse of power and breeds contempt for our system of criminal justice.

/jnc