[Cite as *State v. Baker*, 2012-Ohio-1890.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 1-11-49

    v.

JOHN F. BAKER, SR.,               O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2011 0007

Judgment Affirmed

Date of Decision: April 30, 2012

APPEARANCES:

    *Michael J. Short* for Appellant

    *Juergen A. Waldick* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, John F. Baker, Sr. (hereinafter "Baker"), appeals the trial court's judgment entry of sentence. We affirm.

{¶2} On January 13, 2011, the Allen County Grand Jury indicted Baker on 28 counts, including: Count One of trafficking heroin in violation of R.C. 2925.03(A)(1), (C)(6)(a), a fifth degree felony; Count Two of trafficking heroin in violation of R.C. 2925.03(A)(1), (C)(6)(b), a fourth degree felony; Count Three of possession of drugs (alprazolam) in violation of R.C. 2925.11(A), (C)(2)(b), a fourth degree felony; Count Four of possession of drugs (BZP) in violation of R.C. 2925.11(A), (C)(1)(a), a fifth degree felony; Count Five of possession of cocaine in violation of R.C. 2925.11(A), (C)(4)(a), a fifth degree felony; Count Six of possession of drugs (diazepam) in violation of R.C. 2925.11(A), (C)(2)(a), a fifth degree felony; Count Seven of possession of drugs (fentanyl) in violation of R.C. 2925.11(A), (C)(1)(b), a third degree felony; Count Eight of possession of heroin in violation of R.C. 2925.11(A), (C)(6)(a), a fifth degree felony; Count Nine of possession of drugs (hydrocodone) in violation of R.C. 2925.11(A), (C)(2)(c), a third degree felony; Count Ten of possession of drugs (MDMA) in violation of R.C. 2925.11(A), (C)(1)(a), a fifth degree felony; Count 11 of possession of drugs (methadone) in violation of R.C. 2925.11(A), (C)(1)(c), a second degree felony; Count 12 of possession of drugs (morphine) in violation of R.C. 2925.11(A),

(C)(1)(b), a third degree felony; Count 13 of possession of drugs (oxycodone) in violation of R.C. 2925.11(A), (C)(1)(c), a second degree felony; Count 14 of possession of drugs (propoxyphene) in violation of R.C. 2925.11(A), (C)(2)(a), a fifth degree felony; Count 15 of possession of drugs (oxycodone) in violation of R.C. 2925.11(A), (C)(1)(a), a fourth degree felony; Count 16 of possession of drugs (oxycodone) in violation of R.C. 2925.11(A), (C)(1)(a), a fourth degree felony; Count 17 of possession of drugs (oxycodone) in violation of R.C. 2925.11(A), (C)(1)(c), a second degree felony; Count 18 of possession of drugs (methadone) in violation of R.C. 2925.11(A), (C)(1)(b), a third degree felony; Count 19 of possession of drugs (alprazolam) in violation of R.C. 2925.11(A), (C)(2)(a), a fifth degree felony; Count 20 of possession of drugs (hydrocodone) in violation of R.C. 2925.11(A), (C)(2)(a), a fifth degree felony; Count 21 of possession of drugs (diazepam) in violation of R.C. 2925.11(A), (C)(2)(a), a fifth degree felony; Count 22 of possession of drugs (oxycodone) in violation of R.C. 2925.11(A), (C)(1)(b), a third degree felony; Count 23 of possession of drugs (oxycodone) in violation of R.C. 2925.11(A), (C)(1)(b), a third degree felony; Count 24 of possession of heroin in violation of R.C. 2925.11(A), (C)(6)(c), a third degree felony; Count 25 of possession of heroin in violation of R.C. 2925.11(A)(1), (C)(6)(c), a fourth degree felony; Count 26 of possession of heroin in violation of R.C. 2925.11(A)(1), (C)(6)(c), a third degree felony; Count 27 of

possession of heroin in violation of R.C. 2925.11(A)(1), (C)(6)(c), a fourth degree felony; and Count 28 of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), (B)(1), a first degree felony. (Doc. No. 1).

{¶3} On January 24, 2011, Baker appeared for arraignment and entered a plea of not guilty to all counts in the indictment. (Aug. 3, 2011 JE, Doc. No. 83).

{¶4} On August 2, 2011, Baker entered pleas of guilty to all counts in the indictment pursuant to a written plea agreement. (Doc. Nos. 82-83). The trial court accepted Baker's pleas of guilty, entered convictions thereon, and sentenced Baker to an aggregate 15-year mandatory sentence. (Doc. Nos. 83-84). The trial court also ordered Baker to pay $4,150.00 in restitution to The West Central Ohio Crime Task Force ("WCOCTF"). (Aug. 3, 2011 JE, Doc. No. 84).

{¶5} On August 31, 2011, Baker, pro se, filed a notice of appeal from the trial court's judgment entry of sentence. (Doc. No. 95). On that same day, Baker, pro se, filed a Crim.R. 32.1 motion to withdraw his guilty plea. (Doc. No. 101). On September 15, 2011, the trial court overruled Baker's motion to withdraw. (Doc. No. 103).

{¶6} Baker now appeals raising two assignments of error for our review. We elect to address Baker's second assignment of error first.

## ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT ERRED IN NOT HOLDING A HEARING ON DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA.**

{¶7} In his second assignment of error, Baker argues that the trial court erred by not holding a hearing on his Crim.R. 32.1 motion to withdraw. However, appellant's notice of appeal does not include the judgment entry denying this motion, and Baker failed to separately appeal this judgment entry.

{¶8} App.R. 3(D) specifies that a notice of appeal "shall designate the judgment, order or part thereof appealed from * * *." The Court of Appeals is "without jurisdiction to review a judgment or order which is not designated in the appellant's notice of appeal." *Parks v. Baltimore & Ohio RR.*, 77 Ohio App.3d 426, 428 (8th Dist. 1991), citing *Schloss v. McGinness*, 16 Ohio App.3d 96, 97-98 (8th Dist. 1984). *See also State v. Wright*, 8th Dist. No. 95634, 2011-Ohio-3583, ¶ 6. Baker failed to amend his notice of appeal according to the procedures set forth in App.R. 3(F) or file a separate notice from the denial of his motion to withdraw his plea. Therefore, this assignment of error addresses issues outside the scope of the present appeal and will not be addressed.

{¶9} Baker's second assignment of error is, therefore, dismissed.

**ASSIGNMENT OF ERROR NO. I**

**THE TRIAL COURT ERRED IN ORDERING THE DEFENDANT TO PAY RESTITUTION TO THE WEST CENTRAL OHIO CRIME TASK FORCE.**

{¶10} In his first assignment of error, Baker argues that the trial court erred by ordering him to pay $4,150.00 in restitution to the WCOCTF for drug buy money since it is a governmental entity, not a "victim" under R.C. 2929.18.

{¶11} The written plea agreement in this case provided, in pertinent part: "[d]efendant will agree to pay restitution of $4,150.00 in exchange for no recommendation of sentence." (Doc. No. 82); (Aug. 2, 2011 Tr. at 2). Now, on appeal, Baker argues that the trial court's restitution order was in error under the statute. Since Baker negotiated for the restitution order in exchange for no sentencing recommendation by the State, any error in the trial court's restitution order was invited by Baker, and therefore, he cannot take advantage of this alleged error upon appeal. *State v. Stewart*, 3d Dist. No. 16-08-11, 2008-Ohio-5823, ¶ 13 (Rogers, J.); *State v. Wickline*, 3d Dist. No. 8-10-20, 2011-Ohio-3004, ¶ 23 (Rogers, J., concurring in part, dissenting in part); *State v. Shaffer*, 3d Dist. No. 14-09-06, 2009-Ohio-4804, ¶ 15; *State v. Rohrbaugh*, 126 Ohio St.3d 421, 2010-Ohio-3286, ¶ 7 (A defendant "cannot take advantage of an error that he invited through the plea negotiations."). While it is true that the plea agreement did not mention the WCOCTF by name, it is clear that Baker would have realized that the

restitution would be payable to a governmental entity since the State indicated prior to Baker's change of plea that the $4,150.00 in restitution "represent[ed] buy money that was spent in the investigation." (Aug. 2, 2011 Tr. at 2). Since it was obvious that the restitution would be payable to a governmental entity (regardless of which governmental entity) for funds it expended during its investigation, the potential error was obvious prior to Baker changing his plea and the trial court's sentencing—yet Baker never objected. Even when the trial court ordered that Baker pay the restitution to the "WCOCTF" at the sentencing hearing, Baker still failed to object. (*Id*. at 42-43). The logical conclusion is that Baker never objected because he agreed to the restitution order being paid to a governmental entity. Viewing the record as a whole, it is clear Baker invited the very error he now raises upon appeal.

{¶12} Furthermore, having failed to object to the restitution order at the sentencing hearing, Baker has waived all but plain error on appeal. *Stewart* at ¶ 7; *Wickline* at ¶ 13 (Rogers, J., concurring in part, dissenting in part). We recognize plain error "'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Landrum*, 53 Ohio St.3d 107, 110 (1990), quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. For plain error to apply, the trial court must have deviated from a legal rule, the error must have been an obvious defect in the proceeding, and the error

must have affected a substantial right. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). Under the plain error standard, the appellant must demonstrate that the outcome of his trial would clearly have been different but for the trial court's errors. *State v. Waddell*, 75 Ohio St.3d 163, 166 (1996), citing *State v. Moreland*, 50 Ohio St.3d 58 (1990). To constitute plain error, an appellant who pled guilty bears the burden of demonstrating that s/he would *not* have pled guilty but for the trial court's alleged error. *State v. Smith*, 6th Dist. No. L-07-1346, 2009-Ohio-48, ¶ 11; *see State v. Webber*, 125 Ohio App.3d 120, 127 (10th Dist. 1997); *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 17. On appeal, Baker has not even asserted that he would not have pled guilty but for the trial court's allegedly erroneous restitution order let alone *demonstrate* that fact. (Appellant's Brief at 5). As such, Baker has failed to demonstrate plain error.

{¶13} Besides the fact that Baker invited the error upon which he now appeals and failed to demonstrate plain error, this Court has previously held that a trial court may order a defendant to pay restitution to a governmental entity for drug buy money when the defendant explicitly agreed to do so as part of a negotiated plea agreement. *Stewart*, 2008-Ohio-5823, ¶ 13, 15 (Rogers, J.), citing *State v. Samuels*, 4th Dist. No. 03CA8, 2003-Ohio-6106, ¶ 10 ("[R]estitution to [a] police agency * * * is a matter that could have been explicitly addressed in a

Case No. 1-11-49

negotiated plea agreement * * *."). Judge Rogers, speaking on behalf of a unanimous Court, reasoned as follows:

> **While we found in *Toler*, *Christy*, and *Wolf* that R.C. 2929.18(A)(1) generally does not permit an award of restitution to a government enforcement agency in the pursuit of its official duties, the facts of this case are distinguishable.**
>
> **Unlike in those cases, here, there was a specific agreement between the State and Stewart for restitution to the sheriff's department. The language of R.C. 2929.18(A)(1) does not specifically restrict the parties from agreeing to an award of restitution that is not provided for in the statute. Furthermore, restitution methods other than those explicitly stated in the statute are contemplated by the statutory language, which provides that the trial court is "not limited to" the specific financial sanctions listed. *State v. Rosebrook*, 3d Dist. No. 8-05-07, 2006-Ohio-734, ¶ 21. Additionally, *Samuels*, supra, supports the idea of allowing the trial court to award restitution agreed to by the State and the defendant, even though that particular form of restitution may not be specifically addressed under R.C. 2929.18(A)(1). Finally, justice and sensibility should prevent Stewart from prevailing on an error which he invited. By agreeing to the restitution award in exchange for pleading guilty, he received the benefit of his bargain: a reduced charge.**
> **\* \* \***
> **Because we find that R.C. 2929.18(A)(1) does not prohibit an award of restitution to a government agency when such award is made pursuant to the express plea agreement of the State and the defendant, we find that the trial court did not err in ordering Stewart to pay restitution to the Wyandot County Sheriff's Department.**

*Stewart* at ¶ 12, 13, 15.

{¶14} As the Ohio Supreme Court has noted, "[s]tare decisis is the bedrock of the American judicial system. Well-reasoned opinions become controlling

-9-

precedent, thus creating stability and predictability in our legal system. It is only with great solemnity and with the assurance that the newly chosen course for the law is a significant improvement over the current course that we should depart from precedent." *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, ¶ 1. The reasoning of this Court's decision in *Stewart* is sound and overruling it would *not* be a "significant improvement over the current course that we should depart from precedent." *Id*. Courts (including this Court), defendants, and prosecutors have now all relied upon *Stewart*. The Second District has relied upon *Stewart* to conclude that a trial court may order a defendant to pay restitution to an insurance company, a known third-party claimant, when the restitution award is made pursuant to the express terms of the plea agreement. *State v. Johnson*, 2nd Dist. No. 24288, 2012-Ohio-1230, ¶ 14-15. The Eleventh District has relied upon *Stewart* to conclude that a trial court may order a defendant convicted of animal cruelty to pay restitution to the Animal Protection League where the defendant stipulated to the restitution order at the hearing. *State v. Silbaugh*, 11th Dist. No. 2008-P-0059, 2009-Ohio-1489, ¶ 21-22. Similarly, the Fifth District has concluded that a trial court may order a defendant to pay restitution to a drug task force for reimbursement of drug buy money where the defendant agreed to do so as a condition of his/her community control. *State v. Middlebrooks*, 5th Dist. No. 2010 AP 08 0026, 2011-Ohio-4534, ¶ 2, 21, 26.

{¶15} Furthermore, the rule in *Stewart* promotes settlements among the parties, preserves judicial resources, and enables the recoupment of precious tax-payer dollars. Most importantly, these agreements present no manifest miscarriage of justice to the defendants. Like the defendant in *Stewart*, Baker received the benefit of his bargain: no sentencing recommendation from the State and a 15-year sentence when he was facing a total of 93 years. (Aug. 2, 2011 Tr. at 5, 14, 41). If a defendant does not want to pay restitution to a governmental entity, then s/he may simply reject the offered plea agreement or renegotiate the same. No manifest miscarriage of justice occurs by holding Baker to his part of the plea agreement.

{¶16} For all these reasons, Baker's first assignment of error is overruled.

{¶17} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, J., concurs.**

**/jlr**

**ROGERS, J., Concurring in Part and Dissenting in Part.**

{¶19} While I concur in the majority's disposition of Appellant's second assignment of error, I must dissent on the first assignment of error.

{¶20} The majority's frequent reference to opinions in which this author participated appears to be an attempt to compel my concurrence in the present case. They have failed in that endeavor. While my later opinions may have appeared, at least to the majority, to be inconsistent with my opinion in *State v. Stewart,* 3d Dist. No. 16-08-11, 2008-Ohio-5823, I do not believe it to be so. The opinion drafted by my chambers in *Stewart* was an ill-advised attempt at unanimity. The major reason for my acquiescence in the result in *Stewart* was the nominal amount of restitution ordered (the magnanimous sum of $120), and the absence of a *manifest* miscarriage of justice.

> When a court of appeals engages in a plain-error analysis, it must conduct a complete review of all relevant assignments of error in order to determine whether a *manifest* miscarriage of justice has occurred * * *. (Emphasis added.) *State v. Hill*, 92 Ohio St.3d 191 (2001), syllabus.

{¶21} Prior to, and subsequent to *Stewart*, I have consistently opposed the imposition of restitution on a defendant for amounts that exceed the actual economic loss caused to a *victim* by the crime for which the offender was convicted. *See State v. Wickline*, 3d Dist. No. 8-10-20, 2011-Ohio-3004 (Rogers, J. dissenting in part); *State v. Rosebrook*, 3d Dist. No. 8-05-07, 2006-Ohio-734, ¶ 27-33 (Rogers, J. dissenting in part).[1]

---

[1] A complete listing of all such opinions is too extensive to include here.

{¶22} My primary objection to orders of restitution to persons or agencies other than victims is the simple fact that it is not authorized by statute. A secondary concern, although not a matter for appellate review, is the ethical conflict of prosecutors negotiating civil remedies disguised as criminal penalties.

{¶23} The issue of negotiated restitution to a law enforcement agency, or any other third party, invites the same abuses and contempt for the criminal justice system as the issues discussed in my dissent in *Wickline*. If it is not actual economic loss, caused to a victim, by the crime for which the offender was convicted, it is not authorized by law. R. C. 2929.18(A). Courts must interpret criminal statutes strictly against the state, and liberally in favor of the accused, and applying that rule to the facts of this case, the first assignment of error should be sustained. R. C. 2901.04(A).

{¶24} Further, while it may seem to be *good politics* for prosecutors to negotiate and for judges to approve restitution to entities who are not *victims*, such conduct encourages abuse of power and breeds mistrust for our system of criminal justice. *See Wickline* at ¶ 25.

{¶25} Finally, the majority has resorted to the doctrine of stare decisis in an apparent attempt to coerce my acquiescence to their result. Interestingly, the majority cites to *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, in which the Supreme Court of Ohio *corrected* its previous peculiar holding

announced in *Scott-Pontzer v. Liberty Mut. Fire Ins. Co.*, 85 Ohio St.3d 660 (1999).  In response, I apologize to my peers on this court for relenting in *Stewart* from my usual insistence on adherence to strict interpretation of criminal laws in favor of unanimity.  However, I have endeavored to explain that I relented in that case only because the amount at issue was trifling and did not warrant a finding of manifest injustice, and the cost to the state of correcting that inconsequential irregularity would have been substantial.  The apparent result of that transgression is to be forever cited by my peers, and apparently some other courts, as authority for bad law.  *Stewart* was an anomaly, and stare decisis will not cause me to abandon my sincere, and I believe legally correct, position.  The trial court can only impose the penalties authorized by statute and negotiating civil remedies in the guise of criminal restitution is not authorized.

{¶26} For the foregoing reasons, I dissent from the majority opinion on the first assignment of error.

**/jlr**