[Cite as *State v. Field*, 2013-Ohio-2257.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-G-3082** |
| DALE FIELD, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Chardon Municipal Court, Case No. 2011 CRB 00108.

Judgment:  Affirmed in part; reversed in part and remanded.

*Jeffrey J. Holland*, Holland & Muirden, 1343 Sharon-Copley Road, P.O. Box 345, Sharon Center, OH  44274 (For Appellee).

*Dale Field*, pro se, PID:  A6000847, North Central Correctional Institution, P.O. Box 1812, Marion, OH  43302 (Appellant).

THOMAS R. WRIGHT, J.

{¶1}    This appeal is from a final judgment in a criminal case before the Chardon Municipal Court.  Appellant, Dale Field, was convicted of two charges of cruelty to animals and sentenced to five years of probation.  In seeking reversal, appellant essentially challenges the validity of his guilty plea and the legality of certain aspects of his sentence.

{¶2}    In January 2011, four criminal complaints were filed against appellant by an attorney with the Geauga County Humane Society.  Under each complaint, appellant

was charged with cruelty to an animal, a second-degree misdemeanor pursuant to R.C. 959.13(A)(1). Each complaint asserted that appellant recklessly tortured an animal by failing to supply it with a sufficient amount of wholesome food and water. The charges were predicated upon an incident in which authorities found two dead pigs, one dead horse, and one emaciated horse on property where appellant had been residing.

{¶3} After initially entering a not guilty plea, appellant was found to be indigent, and the trial court appointed the Geauga County Public Defender to represent him. The original trial date was set for May 31, 2011, but the matter was continued in part because appellant had just begun to serve a three-year prison term stemming from a separate criminal case. Over the next nine months, no further proceedings were held in the "cruelty" action. However, in March 2012, appellant sent a notice to the trial court indicating that he was prepared to go forward.

{¶4} A pretrial conference was conducted in May 2012, during which appellant was represented by his appointed counsel. During that proceeding, appellant agreed to enter a guilty plea to two of the four pending complaints. In response, the state agreed to dismiss the other two charges. The two parties also agreed to make a joint recommendation to the trial court that appellant be placed on probation for a period of five years.

{¶5} On the same day as the pretrial conference, the trial court held a hearing on the change of plea. As part of the hearing, the trial court expressly discussed with appellant the legal effect of his plea and the nature of the rights he was waiving by not going to trial. At the end of this colloquy, appellant reaffirmed his desire to plead guilty to the two charges, and the court accepted the guilty plea. Moreover, following a brief discussion of the joint sentencing recommendation, the trial court also adopted it.

2

{¶6}  In its final judgment, the trial court sentenced appellant to 90 days in jail, but suspended the entire term and placed him on probation for five full years. The court also did not impose a fine, but imposed general court costs. As the primary condition of the probation, appellant was forbidden from either owning or possessing an animal, except for bees.

{¶7}  Appellant raised five assignments for review:

{¶8}  "[1.] Defendant's plea was not knowingly, voluntarily, and intelligently given.

{¶9}  "[2.] The charges of the defendant were against the manifest weight of the evidence.

{¶10}  "[3.] The trial court abused its discretion in imposing costs upon the defendant without considering indigent status.

{¶11}  "[4.] Defendant's counsel rendered ineffective assistance in failing to request waiver of costs.

{¶12}  "[5.] The trial court abused its discretion in imposing the maximum of five years probation using the factor of his current incarceration."

{¶13}  Under his first assignment, appellant contends that he should be allowed to retract his guilty plea because the plea was deficient in two respects. First, he states that his plea was made unknowingly because he did not understand the basic elements of the offense of cruelty to animals under R.C. 959.13(A)(1). Second, he contends that his plea was made involuntarily because his trial counsel coerced him into accepting the state's offer.

{¶14}  Pursuant to R.C. 595.99(D), any violation of R.C. 959.13(A) is considered a second-degree misdemeanor. In turn, R.C. 2929.24(A)(2) states that the longest jail

3

term which can be imposed for a second-degree misdemeanor is ninety days. Hence, under Crim.R. 2(D), cruelty to animals under R.C. 959.13(A) is deemed a petty offense because the maximum sentence a defendant can receive for this crime is less than six months.

{¶15} Crim.R. 11 governs pleas in a criminal proceeding. The rule sets forth three different procedures for accepting a guilty plea, depending upon the nature of the offense. As to petty offenses, Crim.R. 11(E) provides, in pertinent part:

{¶16} "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, or shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty."

{¶17} "In *State v. Jones*, 116 Ohio St.3d 211, 2007 Ohio 6093, * * *, the Supreme Court of Ohio was asked to 'clarify the trial judge's duties under Crim.R. 11 when accepting a plea in a misdemeanor cases involving a petty offense.' Id. at ¶1. The court held that '[i]n accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant only of the effect of the specific plea being entered.' Id. at paragraph one of the syllabus. * * * In order to satisfy this requirement, the trial court 'must inform the defendant of the appropriate language under Crim.R. 11(B).' Id. at paragraph two of the syllabus." *State v. Parish*, 11th Dist. No. 2010-T-0105, 2011-Ohio-3751, ¶8.

{¶18} In the context of a plea of guilty, a trial court is in compliance with Crim.R. 11(E) if it informs the defendant, consistent with Crim.R. 11(B)(1), that the entry of such a plea has the effect of a complete admission of guilt to the pending counts. *See, also, State v. Davis*, 11th Dist. No. 2011-L-023, 2012-Ohio-527, ¶15. The trial court expressly told appellant during the plea hearing that a guilty plea constitutes a complete

4

admission of guilt. Furthermore, when the trial court asked whether appellant understood the effect, he answered affirmatively. Additionally, the trial court fully explained the nature of the constitutional rights appellant was waiving by entering the guilty plea. At the close of the colloquy with appellant, the court also confirmed that appellant was not under the influence of any substance affecting his ability to enter the plea.

{¶19} Appellant correctly notes that the trial court did not address the elements of charged offenses. However, unlike a plea on a felony offense under Crim.R. 11(C), Crim.R. 11(E) does not obligate the trial court to provide an explanation of the charged offense. *State v. Wolfe*, 5th Dist. No. 04 COA 065, 2005 Ohio App. LEXIS 1775, *6. Therefore, the lack of any reference to the elements of cruelty to animals did not affect the validity of appellant's guilty plea.

{¶20} As to appellant's separate contention that his guilty plea was coerced by his trial counsel, this court would emphasize that none of counsel's alleged statements are contained in the trial record. Since the substance of counsel's statements cannot be reviewed when they were made "outside" the record, appellant's "coercion" argument cannot be addressed in the direct appeal of his conviction. *See States v. Adames*, 6th Dist. No. L-98-1230, 1999 Ohio App. LEXIS 1375, *2 (Mar. 31, 1999).

{¶21} Given that appellant has failed to demonstrate that his guilty plea was not made in compliance with Crim.R. 11(E), his first assignment of error lacks merit.

{¶22} Under his next assignment, appellant argues that his conviction on the two charges of cruelty must be reversed as against the manifest weight of the evidence. He submits that the state would not have been able to prove that he was responsible for the care of the animals at issue.

5

{¶23} Appellant's conviction was based upon a guilty plea and, therefore, no trial was ever held in the underlying case. In other words, since appellant admitted his guilt, the state was not required to prove the elements of the crimes through the submission of evidence. Under such circumstances, a challenge to the manifest weight of the evidence is inappropriate. The second assignment of error is also without merit.

{¶24} Under his third assignment, appellant maintains that the trial court abused its discretion in ordering him to pay court costs as part of his sentence. He asserts that, because the court previously ruled that he was indigent, it should have waived the statutory requirement that he pay court costs.

{¶25} The trial court proceeded to impose appellant's sentence as part of the same oral hearing in which the guilty plea was accepted. The transcript of that hearing readily shows that appellant's trial counsel never moved the trial court to waive the payment of court costs on the grounds that his client was indigent. Under most circumstances, the failure to orally move for the waiver of court costs at the time of sentencing constitutes a waiver of the issue itself. *See State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, ¶5

{¶26} However, trial counsel never had a legitimate opportunity to raise the issue of the waiver of court costs because the trial court never stated during the hearing that appellant would be ordered to pay court costs.

{¶27} In relation to the imposition of court costs, R.C. 2947.23(A)(1) states:

{¶28} "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, and render a judgment against the defendant for such costs. At the time the judge or magistrate imposes sentence, the judge or magistrate shall notify the defendant of both of the following:

{¶29} "(a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

{¶30} "(b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount."

{¶31} The first sentence of the foregoing requires trial courts to impose court costs even if there has been a prior finding of indigency. *Clevenger*, 2007-Ohio-4006, at ¶3. However, once the mandated order is made, R.C. 2949.092 gives trial courts the authority to waive the payment of court costs on the grounds of indigency. *Id.* at ¶4. The decision to grant or deny such a waiver must be based upon whether the defendant will have a future ability to make the payment. *State v. John*, 6th Dist. No. L-03-1261, 2005-Ohio-1218, ¶35.

{¶32} As to the necessary procedure for sentencing, Crim.R. 43(A)(1) states that a criminal defendant must be present, *inter alia*, at the imposition of his sentence. Therefore, a trial court errs when it does not orally inform the defendant during the sentencing hearing that he is liable for the payment of court costs. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, ¶22. Moreover, such an error is not harmless because it deprives the defendant of an opportunity to request waiver. *State v. Lunsford*, 193 Ohio App.3d 195, 2011-Ohio-964, ¶15.

{¶33} In addition, R.C. 2947.23(A)(1)(a) mandates that, as part of the

7

sentencing hearing, a trial court must notify the defendant of the potential imposition of community service for failing to satisfy the "court costs" order. *State v. Petty*, 11th Dist. No. 2011-P-0091, 2012-Ohio-6127, ¶71-72, citing *State v. Smith*, 131 Ohio St.3d 297, 2012-Ohio-781. If the trial court fails to provide the necessary notification, the case must be remanded so that a new sentencing hearing can be held and proper notification given. *Id.* at ¶73.

{¶34} The trial court did not comply with either Crim.R. 43(A)(1) or R.C. 2947.23(A)(1) regarding court costs. In orally imposing appellant's sentence at the conclusion of the plea hearing, the trial court did not inform him that he would be required to pay court costs, or that he could be subject to community service if proper payment was not made. Only the trial court's final written judgment contained any order as to court costs.

{¶35} In the absence of any express reference to the payment of court costs during the oral hearing, appellant's trial counsel was not afforded a true opportunity to raise the waiver issue in accordance with R.C. 2949.092. Given these circumstances, the waiver question cannot be properly addressed at the appellate level until appellant has had an adequate opportunity to assert the issue and make any relevant arguments at the trial level during a new sentencing hearing.

{¶36} To the extent that the trial court did not use the correct procedure when it ordered appellant to pay court costs, his third assignment of error is well-taken.

{¶37} In his fourth assignment, appellant contends that he was denied effective assistance of trial counsel because his appointed attorney did not move the trial court to waive the payment of court costs. Given our analysis under the third assignment, this court concludes that the lack of a waiver request was justified in light of the trial court's

8

failure to refer to court costs as part of its sentencing order during the oral hearing. To the extent that the record does not support a finding that trial counsel's representation was inadequate, this assignment lacks merit.

{¶38} Under his final assignment, appellant argues that the trial court abused its discretion in placing him on probation for a period of five years, the maximum length for a misdemeanor offense. According to appellant, the trial court improperly predicated its decision upon the fact that he was presently serving a three-year sentence stemming from a separate prosecution in which he was found guilty of having sexual conduct with a minor.

{¶39} The transcript of the plea hearing definitively shows that the ruling to place appellant upon probation for five years was based upon a joint recommendation of *both* parties as part of the underlying plea agreement. The dialogue during the hearing also infers that the length of the probation period was viewed as a trade-off for the fact that appellant would not be required to serve any additional jail time in light of his conviction for cruelty to animals.

{¶40} As a general proposition, a criminal defendant will not be allowed to take advantage of an alleged error in sentencing which occurred as a direct result of a plea negotiation. *State v. Baker*, 3rd Dist. No. 1-11-49, 2012-Ohio-1890, ¶11. This principle has also been followed in regard to a sentencing recommendation in a misdemeanor case. *State v. Stewart*, 3rd Dist. No. 16-08-11, 2008-Ohio-5823, ¶13. Thus, appellant is foreclosed from challenging the length of his probation. .

{¶41} Alternatively, this court would note that the primary condition of appellant's probation was the requirement that he not own or possess any animal, except for bees. If the length of appellant's probation were for three years or less, this condition would

9

essentially become meaningless because appellant would have no opportunity to own or possess animals until after his separate prison term was over. Thus, the length of the probation period was extended to the maximum to ensure that he would be subject to supervision immediately after his release from prison. Given that his conviction for cruelty to animal was based upon the death of two farm animals due to starvation, the need to supervise appellant's behavior is self-evident. Under such circumstances, the trial court did not abuse its discretion in adopting the joint recommendation concerning the length of the probation period.

{¶42} Based upon foregoing, appellant's fifth assignment does not have merit.

{¶43} Appellant's third assignment has merit. Accordingly, it is the judgment and order of this court that the judgment of the Chardon Municipal Court is reversed in part, and the case is hereby remanded for further proceedings consistent with this opinion. Specifically, the trial court shall conduct a costs only hearing in full compliance with Crim.R. 43(A)(1) and R.C. 2947.23(A)(1) at which time the waiver issue can be raised and if raised determined by the trial court. In all other respects, the assignments of error lack merit, and the judgment of the trial court is affirmed.

TIMOTHY P. CANNON, P.J.,

DIANE V. GRENDELL, J.,

concurs.

10