[Cite as *Sherrills v. Tyus*, 2012-Ohio-2068.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97502**

## DENISE SHERRILLS

PLAINTIFF-APPELLEE

vs.

## NATALIE R. TYUS

DEFENDANT-APPELLANT

**JUDGMENT:
AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-743735

**BEFORE:** Blackmon, A.J., Stewart, J., and Jones, J.
**RELEASED AND JOURNALIZED:** May 10, 2012

**ATTORNEY FOR APPELLANT**

Jeffrey F. Slavin
The Standard Building
Suite 1810
1370 Ontario Street
Cleveland, Ohio 44113

**APPELLEE PRO SE**

Denise Sherrills
21149 North Street
Euclid, Ohio 44117

PATRICIA ANN BLACKMON, A.J.:

{¶1} Appellant Natalie Tyus appeals the trial court's decision granting summary judgment in favor of Denise Sherrills, and assigns the following error for our review:

**I. The judgment of the trial court granting the appellee's motion for summary judgment and denying the appellant's motion for summary judgment was an abuse of discretion.**

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

{¶3} In August 2008, Tyus was involved in a motor vehicle collision. Sherrill, a passenger in Tyus's car, suffered permanent injuries and disfigurement. On November 7, 2008, the Cuyahoga County Grand Jury indicted Tyus on one count each of aggravated vehicular assault, vehicular assault, and two counts of driving under the influence of alcohol or drugs. Tyus pleaded not guilty at her arraignment and several pretrials followed.

{¶4} On March 13, 2009, pursuant to a plea agreement with the state, Tyus pleaded guilty to an amended count of attempted vehicular assault and one count of driving under the influence of alcohol or drugs. The state nolled the remaining charges. On April 9, 2009, the trial court sentenced Tyus to two years of community control sanctions and ordered her to pay restitution to Sherrills in the amount of $83,000.

{¶5} On or about October 4, 2010, in exchange for terminating her community control sanctions, Tyus executed a cognovit note in favor of Sherrills, promising to pay the restitution amount of $83,000. As a result, on October 13, 2010, the trial court terminated Tyus's community controlled sanctions.

**{¶6}** On December 16, 2010, Sherrills filed a complaint against Tyus seeking to recover on the cognovit note. In her complaint, Sherrills alleged that Tyus was in default on the note and that she had paid only $200 of the restitution amount the trial court ordered.

**{¶7}** On June 29, 2011, Tyus filed a motion for summary judgment, arguing that Sherrills was time barred from seeking civil damages because the complaint was filed more than two years after the accident. Tyus also argued that the restitution ordered had been satisfied because Sherrills had received a $50,000 settlement from the insurance company. On August 19, 2011, the trial court denied Tyus's motion for summary judgment.

**{¶8}** On August 26, 2011, Sherrills filed a motion for summary judgment, which Tyus opposed. On October 28, 2011, the trial court granted Sherrills's motion for summary judgment and entered judgment against Tyus for $82,800, plus interests.

## Summary Judgment

**{¶9}** In the sole assigned error, Tyus argues the trial court erred when it granted summary judgment in favor of Sherrills.

**{¶10}** We review an appeal from summary judgment under a de novo standard of review. *Baiko v. Mays*, 140 Ohio App.3d 1, 746 N.E.2d 618 (8th Dist. 2000), citing *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987); *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 699 N.E.2d 534 (8th Dist. 1997). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.

**{¶11}** Under Civ.R. 56, summary judgment is appropriate when, (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to

judgment as a matter of law, and (3) when viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party.

{¶12} The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. *Id.* at 293.

{¶13} In the instant case, the cornerstone of Tyus's argument is that the $50,000 Sherrills received from the insurance company satisfies the restitution order and relieves Tyus of any obligation under the cognovit note. We disagree.

{¶14} The guidelines for financial sanctions and the payment of restitution are set forth in R.C. 2929.18. *State v. Perkins*, 3d Dist. No. 13–09–15, 2009-Ohio-6722. The statute provides that "(A) * * * [f]inancial sanctions that may be imposed pursuant to this section include, but are not limited to, the following: (1) Restitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss." R.C. 2929.18.

{¶15} The statute further specifies that "the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." R.C. 2929.18(A)(1). *State v. Portentoso*,

173 Ohio App.3d 297, 2007-Ohio-5490, 878 N.E.2d 76 (3d Dist.), ¶ 8; *State v. Didion*, 173 Ohio App.3d 130, 2007-Ohio-4494, 877 N.E.2d 725 (3d Dist.), ¶ 16.

{¶16} Initially, we note there is no dispute that the trial court ordered Tyus to pay restitution in the amount of $83,000, and no dispute that Sherrills received a $50,000 settlement from the insurance company. We also note that the record reveals that Sherrills received the insurance settlement on April 6, 2009 and that the trial court ordered restitution three days later on April 9, 2009.

{¶17} In addition, we note that Tyus has not provided this court with a transcript of the hearing when restitution was ordered. Thus, there is no proof that the trial court did not consider the $50,000 insurance settlement Sherrills received three days prior to the restitution hearing.

{¶18} Moreover, Sherrills maintained in her pleadings below and in her brief to this court that she was permanently disfigured and incurred approximately $124,000 in medical expenses. Thus, it is plausible, given that the restitution hearing was three days after Sherrills received the settlement, that the trial court considered the $50,000 when it ordered Tyus to pay $83,000 in restitution.

{¶19} As such, the trial court did not err when it granted summary judgment in favor of Sherrills, because, viewed from any angle, Sherrills has not received the restitution ordered. Accordingly, we overrule the sole assigned error.

{¶20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

MELODY J. STEWART, J., and
LARRY A. JONES, SR., J., CONCUR